# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

FILED by _____ D.C.

DEC 18 2013

STEVEN M. LARIMORE
CLERK U. S. DIST. CT.
S. D. of FLA – MIAMI

CASE NO.  13-22042 _____          -CV-   SCOLA / SELTZER

Nancie Jean Cummings          )
(Plaintiff)                   )
                              )
VS.                           )
                              )
Rebecca M. Blank             )
(Former title), et al.        )
(Defendants)                  )

## NOTICE OF JOINT LIABILITY

## INTRODUCTION

1.      On June 6, 2013, the Plaintiff  filed in the United States District Court, Southern District of Florida, Miami Division, a Complaint alleging violation of civil rights under  42 U.S.C. SECTION 1983, et seq., and 29 USC CHAPTER 14 and the Rules and  Procedures for Career Ladder Understudy Position as promulgated under the Merit Assignment Program (MAP) as well 5 C.F.R. Part 335 Section 104 and 105 and the guidelines under  the Commerce Alternative Personnel System (CAPS) regarding (1) her employer's failure to promote Plaintiff to the full performance level (FPL) of her GS 12/13 Research Fishery Biologist Career Ladder Research Fishery Biologist Understudy Position within a reasonable time period; and (2) Denial of training by her employer in advanced modeling topics (i.e., specifically in Bayesian Modeling and Advanced

Differentiation Model Builder, ADMB) as recommended by her supervisors since the year 2008. A copy of said Complaint is attached hereto as **Exhibit 1** and is incorporated herein by reference.

2.      Pursuant to Judge's Order Instructing Plaintiff to file for a Motion for Default Judgment or Notice of Joint Liability by December 18 (see **CASE NO. 13-22042-CIV-SCOLA/SELTZER** Document #37 Entered on FLSD Docket: 12/4/2013) and attached here as **Exhibit 2**, and incorporated herein by reference a Notice of Joint Liability is hereby filed.

## UNDISPUTED FACTS

3.      **Plaintiff, Nancie Jean Cummings,** is a 57 year-old female research fishery biologist, employed by the Department of commerce, National Oceanic Atmospheric Administration, National Marine Fisheries Service, Southeast Fisheries Science Center, Sustainable Fisheries Division. Plaintiff successfully competed for and was awarded on June 11, 1992 a GS 12/13 Career Ladder Research Fishery Biologist Understudy Position, prior to implementation of NOAA's Personnel Management Advisory Committee (PMAC) that was established on June 29th 1993 via NOAA, Administrative Order NAO 202-511. Plaintiff's position was classified by NOAA Personnel Agency Classification Specialists in April 1992 under Reg. 335.1 02 Competition as a GS 12/13 Career Ladder Research Fishery Biologist Position. Plaintiff has been 'mired" in the GS12/13 Career Ladder Understudy position and has not been able to receive the benefit of attaining the full performance level (GS13- ZP IV equivalent) in over twenty (20) years (since June 1992 and pre- PMAC) of service to NOAA and has suffered continual and constant discrimination in favor of younger employees and based on her gender and age. Plaintiff has consistently performed her employee functions at a high level which has been continuously documented by her superiors but despite said fact, Plaintiff has been continually passed over for promotions and has failed to receive the benefits of additional training by her various supervisors all of which have been named as Defendants in this action. A copy of Plaintiff's GS 12/13 Career Ladder Research Fishery Biologist Understudy Position Description is attached hereto as **Exhibit 3** and is incorporated herein by reference.

4.      **Defendant Nancy B. Thompson** promoted Plaintiff into her GS12/13 Career Ladder

2

Understudy position in June 1992.  In the Agency's Report of the Investigator, Defendant Thompson relayed to the Agency Investigator that she "had no memory of the Plaintiff's promotion" although defendant had been Plaintiff's supervisor for nearly seven years and was in fact one of the two SEFSC supervisors who initiated the personnel action for the GS 12/13 Career Ladder Understudy position which Plaintiff competed for successfully in June 1992. Defendant Thompson  intentionally and consistently failed to promote Plaintiff to the full performance level of her GS 12/13 Career Ladder Research Fishery biologist Understudy position within a reasonable time period; Nancy B. Thompson violated rules and procedures for Career Ladder position promotions under  MAP  and under 5 C.F.R. 335 (104,105); Intentionally and consistently provided inaccurate and erroneous information to Plaintiff regarding procedures for promotions relating to positions classified prior to the establishment of the NOAA, PMAC system; Finally, Defendant Nancy B. Thompson took no action either verbally or written to ever initiate any steps to effect the promotion of Plaintiff while acting as her supervisor despite the fact that a non-competitive promotion was available to Plaintiff as early as June 1993 under rules and procedures for Career Ladder Understudy positions.  During the same time period that the Plaintiff was supervised by Defendant Thompson, several other promotions to the GS 13 level grade were initiated by defendant Nancy Thompson although Plaintiff herself was eligible for a non-competitive promotion under the rules and procedures for Career Ladder and Understudy positions as early as June 1993. During the time period that Plaintiff was supervised by Defendants Scott and Nancy B. Thompson, official records for Plaintiff's position description were "lost or misplaced" as Defendant Porch indicated that no information relating to Plaintiff's Career Ladder Understudy Position was available to him. Plaintiff alleges that the consistent discriminatory acts of Defendant were outside the scope of Defendants normal work responsibilities and that Defendant intentionally failed to advance Plaintiff as the law required.


5.      **Defendant Gerald S. Scott** was Plaintiff's direct line supervisor from 1997 through 2006. Defendant Scott failed to promote Plaintiff to the full performance level of her GS 12/13 Career Ladder Understudy position within a reasonable time. Defendant Scott violated rules and procedures for Career Ladder Understudy position promotions; Intentionally and consistently provided inaccurate and erroneous information to Plaintiff regarding procedures for promotions relating to positions classified prior to the establishment of the NOAA, PMAC system; Finally,

3

Defendant Scott took no action either verbally or written to ever initiate any steps to effect the promotion of Plaintiff while acting as her supervisor despite the fact that a non-competitive promotion was available to Plaintiff as early as June 1993 under rules and procedures for Career Ladder Understudy positions (MAP and 5 C.F.R. 335 (104, 105) however, defendant Scott initiated numerous personnel actions during that same time period to promote other staff to the GS 13 level grade, within the Plaintiffs division, frequently younger males and sometime females (younger). In the Agency's  Report of the Investigator, Defendant relayed to the Agency Investigator that he (Defendant) 'thought' 'to the best of his recollection" that it was the employee's responsibility to initiate their own personnel actions regarding promotions and further that defendant believed that the Plaintiff's promotion was to be effected via PMAC, although Plaintiff's Career Ladder position had been classified prior to establishment of PMAC; indicating that defendant was not familiar or  knowledgeable with proper rules and procedures under the Merit Assignment Plan (MAP) and 5.C.F.R. 335 104 and 105 for supervisors to prepare employees (Career Ladder employees) for advancement to the full level of their position (Understudy) description. During the time period that Plaintiff was supervised by defendants Gerald Scott and Nancy B. Thompson, Plaintiff's position description was lost or misplaced as Defendant Porch, Plaintiff's subsequent supervisor, indicated that no information relating to Plaintiff's Career ladder Understudy Position was available to him.  In addition, information on additional promotions that were initiated during time period Plaintiff was supervised by Defendant Scott was "apparently lost" as these personnel actions were not available to the Agency Investigator. Plaintiff alleges that the consistent discriminatory acts of Defendant were outside the scope of Defendants normal work responsibilities and that Defendant intentionally failed to advance Plaintiff as the law required.

6.     **Defendant Clarence E. Porch** acted as Plaintiff's supervisor between 2006 and 2013. Defendant Porch intentionally and consistently failed to promote Plaintiff to the full performance level of her GS 13 Career Ladder Understudy position, which she was eligible for non-competitively under the rules and procedures for Career Ladder and Understudy positions since June 1993 violating rules and procedures for Career Ladder position promotions. Defendant Porch and SEFSC Managers (**Theophilus Brainerd, Bonnie Ponwith, and Peter Thompson**) inaccurately converted her GS 12/13 Career Ladder Understudy position to the ZP

equivalent.  Defendant Porch admitted to Plaintiff that he did not have a complete and accurate position description for the Plaintiff thus unable to carry out an accurate conversion from the GS to ZP system. Defendant Porch consistently provided inaccurate and erroneous information to Plaintiff during the time period he supervised Plaintiff, regarding procedures for promotions relating to positions classified prior to the establishment of the NOAA, PMAC system, defendant took no action either verbally or written to initiate steps to effect the promotion of Plaintiff while acting as her supervisor, although a non-competitive promotion was available to Plaintiff as early as June 1993 under rules and procedures of the Merit Assignment Plan (MAP) and under 5 C.F.R. 335 (104,105). Defendant denied training from Plaintiff on advanced topics such as Bayesian Modeling and Automatic Differentiation Model Builder (ADMB) although Defendant continuously recommended Plaintiff seek such training since 2008 (the point in time when Plaintiff became salary capped). Plaintiff continued to seek formal training in advance modeling techniques and Plaintiff was required by Defendant Porch and SEFSC Managers (**Theophilus Brainerd**) and the current Gulf and Caribbean Branch Chief (who replaced **Defendant Todd G. Gedamke**) in 2013 to take personal leave to attend a self-funded training course in Bayesian Modeling Methods at the University of Maryland. Defendant Porch failed to provide opportunities to Plaintiff to obtain needed training in advanced modeling topics as was indicated in Defendant Porch's (and later Defendant Gedamke when Gedamke became Plaintiff's supervisor) end of year evaluations. Plaintiff alleges that the consistent discriminatory acts of Defendant were outside the scope of Defendants normal work responsibilities and that Defendant intentionally failed to advance Plaintiff as the law required.

7.      **Defendant Todd G. Gedamke** acted as Plaintiff's supervisor for two years from 2011 and 2012 before leaving the Agency.  Defendant Gedamke, acting as Plaintiff's supervisor, provided inaccurate and erroneous information to Plaintiff regarding procedures for promotions relating to positions classified prior to the establishment of the NOAA, PMAC system, and Defendant consistently took no action either verbally or written to initiate personnel actions to effect the  promotion of Plaintiff while acting as her supervisor despite the fact that a non-competitive promotion was available to Plaintiff as early as June 1993 under rules and procedures for Career Ladder and  Understudy positions.  Defendant denied training from Plaintiff on advanced topics such as Bayesian Modeling and Automatic Differentiation Model

Builder (ADMB) and in use of the Length Based Mortality estimator. Plaintiff alleges that the consistent discriminatory acts of Defendant were outside the scope of Defendants normal work responsibilities and that Defendant intentionally failed to advance Plaintiff as the law required. Defendant Gedamke failed to provide opportunities to Plaintiff to obtain training in advanced modeling topics as was indicated in Gedamke's (and Defendant Porch's, Plaintiff's supervisor prior to Gedamke) end of year evaluations.

8.     **Defendant Peter Thompson** provided Plaintiffs supervisors (**Defendants Porch, Gedamke**) and Center management staff (**Defendants Ponwith, Brainerd**) inaccurate and erroneous information on matters relating to procedures for promotion under the PMAC system. **Defendant Peter Thompson** intentionally and consistently provided Plaintiffs supervisors (**Defendants' Porch and Gedamke** in particular) and other Center management staff (**Defendants' Ponwith, Brainerd**) with inaccurate information on matters relation is to procedures for promotion **of positions classified prior to establishment** of NOAAs PMAC system and Defendant Thompson violated rules and procedures for promotion of Career Ladder and Understudy positions under MAP and 5.C.F.R. 334 104 and 105. Defendant Peter Thompson provided inaccurate information on matters relating to promotions for which he had no official training in. **Defendant Peter Thompson** provided Plaintiff alleges that the consistent discriminatory acts of Defendant were outside the scope of Defendants normal work responsibilities and that **Defendant Thompson (and Porch and Gedamke)** intentionally failed to take action to advance Plaintiff as the law required.

9.     **Defendant Tyra Dent Smith** is Deputy Chief Human Capital Officer, Office Human Resources (OHRM) and Chairman of the Commerce Alternative Personnel System (CAPS) that provides oversight to the CAPS system. The DOC, OHRM provides services to over 3,000 DOC employees. Defendant Tyra Dent Smith violated rules and procedures for validating accuracy of conversion of Career Ladder and Understudy positions classified under the federal GS to the correct ZP equivalent series path. Defendant Tyra Dent Smith failed to correct violations made by Plaintiff's supervisor (Defendant Porch) and SEFSC Managers (Defendants **Theophilus Brainerd, Peter Thompson, Bonnie Ponwith**) in the inaccurate conversion of Plaintiff's GS 12/13 Position Description to the accurate ZP equivalent.  Defendant Tyra Dent Smith failed to

6

correct violations made by Plaintiff supervisor (Defendant Porch) and SEFSC Managers (Defendants **Theophilus Brainerd, Peter Thompson, Bonnie Ponwith**) by not having a correct copy of Plaintiff's position description available to carry out conversion from the GS 12/13 position to ZP equivalent. Plaintiff alleges that the consistent discriminatory acts of Defendant were outside the scope of Defendants normal work responsibilities and that Defendant intentionally failed to advance Plaintiff as the law required.

**10.**     **Defendant Theophilus Brainerd** is Deputy Director National Oceanic Atmospheric Administration, Southeast Fisheries Science Center. Defendant Brainerd Defendant violated rules and procedures for promotions of Career Ladder and Understudy positions and rules and procedures for positions classified prior to the establishment of the NOAA, PMAC system and rules and procedures for accurate conversion of Career Ladder and Understudy positions from the federal GS system to the correct ZP equivalent. Defendant Brainerd denied training from Plaintiff on advanced topics such as Bayesian Modeling and Automatic Differentiation Model Builder (ADMB) although Plaintiff's supervisor (Porch) continuously recommended Plaintiff seek such training. Plaintiff continued to seek formal training in advance modeling techniques and Plaintiff was required by her Division chief (Defendant Porch) and SEFSC Managers- **Theophilus Brainerd** and her current Supervisor (Gulf and Caribbean Branch Chief (who replaced **Defendant Todd G. Gedamke**) in 2013 to take personal leave to attend a self-funded training course in Bayesian Modeling Methods at the University of Maryland. Defendant Brainerd failed to insure Plaintiff's supervisors provide training opportunities in advanced modeling topics as recommended by Plaintiff's supervisors since she became salary capped in 2008. Plaintiff alleges that the consistent discriminatory acts of Defendant were outside the scope of Defendants normal work responsibilities and that Defendant intentionally failed to advance Plaintiff as the law required.

**11.**     **Defendant Bonnie J. Ponwith** is Director National Oceanic Atmospheric Administration, Southeast Fisheries Science Center.   Defendant violated rules and procedures for promotions of Career Ladder and Understudy positions and rules and procedures for positions classified prior to the establishment of the NOAA, PMAC system and procedures for accurate conversion of Career Ladder and Understudy positions from the federal GS system to the correct ZP equivalent.

Defendant Ponwith failed to provide oversight to Plaintiff's supervisors (Porch, Gedamke) and to SEFSC Managers (Defendants **Theophilus Brainerd** and **Peter Thompson**) insuring rules and procedures for promotions of Career Ladder and Understudy positions and rules and procedures for positions classified prior to the establishment of the NOAA, PMAC system and procedures for accurate conversion of Career Ladder and Understudy positions from the federal GS system to the correct ZP equivalent were carried out accurately.   Defendant Ponwith failed to insure training in advanced modeling topics as recommended by Plaintiff's supervisors (Defendants Porch, Gedamke) after she became salary capped in 2008, was made available to Plaintiff by Plaintiff's supervisors (Porch, Gedamke).   Plaintiff alleges that the consistent discriminatory acts of Defendant were outside the scope of Defendants normal work responsibilities and that Defendant intentionally failed to advance Plaintiff as the law required.

12.     **Defendant Benita D. Parks** is the Branch Chief, Department of Commerce, Office of Oceanic and Atmospheric Research (OAR) and National Ocean Service (NOS) Workforce Management Office. Defendant was consulted by Plaintiffs supervisors and SEFSC managers regarding Plaintiff's Career Ladder Position.  Defendant provided Plaintiff's supervisor (Porch) with information corroborating the Plaintiff's GS 12/13 Career Ladder Understudy position however despite Plaintiff's eligibility for said promotion since June 1993, Defendant  took no action to initiate personnel actions to effect the Plaintiffs promotion to the full performance level that the Plaintiff became first eligible for in June 1993. Defendant Parks failed to take action to correct the denial of Plaintiff's promotion despite Plaintiff's eligibility for said promotion since June 1993 under the Career Ladder Understudy position description she had operated under since June 1992.  Defendants Parks, Porch, Gedamke, Thompson, and Brainerd all failed to take action even after NOAA Workforce Management staff corroborated the official classification of Plaintiff's GS 12/13 Career Ladder position description.   Plaintiff alleges that the consistent discriminatory acts of Defendant were outside the scope of Defendants normal work responsibilities and that Defendant intentionally failed to advance Plaintiff as the law required.

13.     **Defendant, Department of Commerce,** Rebecca M. Blank (former) and Cameron F. Kerry, Secretary is Plaintiff's employer via and through NOAA, National Oceanic Atmospheric Administration, a U.S. government agency aka **National Oceanic and Atmospheric Administration, Kathryn D. Sullivan, Acting NOAA Administrator** whose employees acted

beyond the scope of their employment in a systematic pattern of discrimination against Plaintiff for years while allegedly acting under the promotion and training guidelines that they knew were incorrect and that did not apply to Plaintiff because her seniority.

14.     All of the acts and failures to act alleged herein were duly performed by and attributable to all Defendants, each acting as a successor, agent, alter ego, employee, indirect employer, integrated enterprise and/or under the direction and control of the others, except as specifically alleged otherwise. Said acts and failures to act were within the scope of such agency and/or employment, and each Defendant participated in, approved and/or ratified the unlawful acts and omissions by the other Defendants complained of herein and any and all acts are hereby incorporated by reference herein and such allegations and reference shall also be *deemed to mean the acts and failures acting individually, jointly, and or severally.*

.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

15.     Plaintiff has exhausted her administrative remedies. She filed timely administrative charges of discrimination against her supervisors with the U.S. Equal Employment Opportunity Commission (EEOC). Plaintiff participated in all administrative processes available to her including: continued discussions with her supervisors regarding promotion options and schedules since 1992, and all EEO required counseling and participation in the Agency investigation. Documentation for Plaintiffs complaint is filed with EEOC No. 510-2012-00175X, Agency No. 54-2011-00245.  **(The Final Order from EEOC is attached hereto as Exhibit 1 in Plaintiff's Complaint and is incorporated herein by reference).**

16.     On June 24th 2013, a copy of said Complaint and notice of a Civil Action and a Request for Waiver of Summons and two copies of Summons Waiver was sent by the Plaintiff via Certified Mail to all of the Defendants named in Plaintiff's Complaint.  A copy of the Returned "Signature Receipt of the Request for Waiver of Summons" sent by the undersigned to each of the Defendants is attached as **Exhibit 4** and is incorporated herein by reference.

17.     On August 12th 2013, after more than 30 days had elapsed subsequent to the undersigned's Request for Waiver of Summons, and no Waiver of Summons having been

executed by the Defendants, the undersigned respectfully requested the Clerk of the Southern District Court-Miami of Florida to issue summonses for all of the Defendants named in Plaintiff's Complaint.  A copy of the Official Summons issued by Deputy Clerk, Rosy Avael,  U. S. District Court Clerk's office for each Defendant named in Plaintiff's complaint is attached hereto as **Exhibit 5** and is incorporated herein by reference.

**18.** As required under Federal Rules Civil Procedure the U.S. State Attorney was served.  A copy of the Proof of Service for the U.S. State Attorney on October 21st and for each Defendant named in Plaintiff's complaint (except Defendant Benita Parks Smith for which attempted Service is ongoing) is attached hereto as **Exhibit 6** and is incorporated herein by reference. The docket reflects that the United States Attorney was served on October 21, 2013.

**19.** Plaintiff has complied with all requirements with respect to notice of this action to all the defendants as required by the Federal Rules of Civil Procedure F.R.P.C. (as well as Local Rules).

I, Nancie Jean Cummings, do hereby certify under the penalty of perjury that that the statements and allegations set forth herein are accurate.

Respectfully Submitted,

*Nancie Jean Cummings* /12/18/2013

Nancie Jean Cummings

(Plaintiff Pro Se)

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on December 18, 2013, I filed the foregoing document with the Clerk of the Court in person.  I also certify that the foregoing document is being served on all the defendants (or their legal representatives) set forth below by U.S. Mail on this 18th day of December.

*Nancie Jean Cummings*

_____                    12/18/2013

Nancie Jean Cummings, Plaintiff, Pro Se            Date

5030 SW 73rd Terrace

Miami, FL  33143


Nancie.Cummings@noaa.gov

305-361-4234



*Copies to:*

*Counsel of record:*

Clarence E. Porch

75 Virginia Beach Drive

Miami, FL 33149


Nancy Bruce Thompson

68486 US Highway-1

Long Key, FL 33001



Gerald S. Scott

11699 SW 50 Court

Cooper City, FL 33330


Theophilus Brainerd

75 Virginia Beach Drive

Miami, FL 33149


Peter Thompson

75 Virginia Beach Drive

Miami, FL 33149


Bonnie Ponwith

75 Virginia Beach Drive

Miami, FL 33149


Todd G. Gedamke

5521 SE Nassau Avenue

Stuart, FL 34997


Tyra Dent Smith

1401 Constitution Avenue NW

Room 5026

Washington, DC 20230


Rebecca M. Blank (Secretary)

Department of Commerce,

1401 Constitution Ave., NW

Washington, D.C. 20230


Cameron F. Kerry (Secretary);

Department of Commerce,

1401 Constitution Ave., NW

Washington, D.C. 20230


Kathryn, D. Sullivan, Acting Administrator

National Oceanic Atmospheric Administration,

1401 Constitution Ave., NW, Room 5128

Washington, D.C. 20230

WIFREDO A. FERRER

UNITED STATES ATTORNEY

Stephanie I.R. Fidler

Assistant United States Attorney

99 NE 4th Street, 3rd Floor

Miami, Florida 33132

Tel: (305) 961-9073

Fax :( 305) 530-7139

Email: Stephanie.Fidler@usdoj.gov

Fla. Bar. No. 563749


Kelly B. Holbrook, Esq.

BROAD AND CASSEL

100 North Tampa Street, Suite 3500

Tampa, FL 33602

Phone: (813) 225-3020

Fax: (813) 225-3039

kholbrook@broadandcassel.com

Florida Bar No. 527084

# EXHIBIT 1

UNITED STATES DISTRICT COURT
SOUTHERN ISTRICT OF FLORIDA

Civil Case Number: 13cv22042-Scola/Seltzer

NANCIE JEAN CUMMINGS,
(PLAINTIFF),

VS.

FILED by _____ D.C.

JUN 06 2013

STEVEN M. LARIMORE
CLERK U. S. DIST. CT.
S. D. of FLA. – MIAMI

Rebecca M. Blank (former) and Cameron F. Kerry, Secretary,
Department of Commerce, National Oceanic and
Atmospheric Administration, Kathryn D. Sullivan,
Acting NOAA Administrator
Dr. Clarence E. Porch, as an individual,
Dr. Nancy Bruce Thompson, as an individual,
Dr. Gerald S. Scott, as an individual,
Dr. Theophilus Brainerd, as an individual,
Dr. Bonnie Ponwith, as an individual,
Tyra Dent Smith, as an individual,
Dr. Peter Thompson, as an individual,
Todd G. Gedamke, as an individual,
Benita D. Parks, as in individual,

(DEFENDANTS)

COMPLAINT UNDER THE CIVIL RIGHTS ACT 42 U.S.C. SECTION 1983, *et seq.*
and 29 USC CHAPTER 14

I. Party Information: Plaintiff: Nancie Jean Cummings

A. Address: 5030 SW 73rd Terrace,

Miami, Florida 33143.

Birth Date: 1956

B.   DEFENDANTS

Defendant: Department of Commerce, Rebecca M. Blank (former) and Cameron F. Kerry

Official Position: Secretary and National Oceanic and Atmospheric Administration,

## UNITED STATES DISTRICT COURT
## SOUTHERN ISTRICT OF FLORIDA

Civil Case Number:  _____

FILED by _____ D.C.

JUN 0 6 2013

STEVEN M. LARIMORE
CLERK U. S. DIST. CT.
S. D. of FLA. – MIAMI

**NANCIE JEAN CUMMINGS,**
**(PLAINTIFF),**


VS.


**Rebecca M. Blank (former) and Cameron F. Kerry, Secretary,**
**Department of Commerce, National Oceanic and**
**Atmospheric Administration, Kathryn D. Sullivan,**
**Acting NOAA Administrator**
**Dr. Clarence E. Porch, as an individual,**
**Dr. Nancy Bruce Thompson, as an individual,**
**Dr. Gerald S. Scott, as an individual,**
**Dr. Theophilus Brainerd, as an individual,**
**Dr. Bonnie Ponwith, as an individual,**
**Tyra Dent Smith, as an individual,**
**Dr. Peter Thompson, as an individual,**
**Todd G. Gedamke, as an individual,**
** Benita D. Parks, as in individual,**

**(DEFENDANTS)**


## COMPLAINT UNDER THE CIVIL RIGHTS ACT 42 U.S.C.  SECTION 1983, *et seq.* and 29 USC CHAPTER 14


## I. Party Information:  Plaintiff: Nancie Jean Cummings

**A.** Address: 5030 SW 73rd Terrace,

Miami, Florida 33143.

Birth Date: 1956


**B.   DEFENDANTS**

**Defendant: Department of Commerce, Rebecca M. Blank (former) and Cameron F. Kerry**

**Official Position: Secretary and National Oceanic and Atmospheric Administration,**

Kathryn D. Sullivan, Official Position: Acting NOAA Administrator,

<u>Place of Employment</u>: U.S. Department of Commerce, Plaintiff's Employer.

Defendant: <u>Dr. Clarence E. Porch,</u>  Official Position: <u>Chief Sustainable Fisheries Division</u>

<u>Place of Employment:</u>   Department of Commerce, National Oceanic and Atmospheric Administration, National Marine Fisheries Service, Southeast Fisheries Science Center, 75  Virginia Beach Drive, Miami Florida 33149.

Defendant: <u>Dr. Nancy B. Thompson,</u> Official Position: <u>Senior Science Advisor and Station Manager (Keys Marine Laboratory)</u> Place of Employment: Department of Commerce, National Oceanic and Atmospheric Administration, National Marine Fisheries Service, Office of Assistant Administrator, Contact Address: 68486 US Hwy-1, Long Key FL 33001.

Defendant: Dr. Gerald P. Scott Official Position: <u>Retired, Consultant.</u> Place of Employment: Place of Employment: Department of Commerce, National Oceanic and Atmospheric Administration, National Marine Fisheries Service, Office of Assistant Administrator, 75 Virginia Beach Drive, Miami Florida 33149 (through January 2013). Business: 11699 SW 50 Court, Cooper City, FL 33330.

Defendant: <u>Dr. Theo Brainerd</u>: Official Position: <u>Deputy Director</u> Place of Employment: Department of Commerce, National Oceanic and Atmospheric Administration, National Marine Fisheries Service, Southeast Fisheries Science Center, 75 Virginia Beach Drive, Miami Florida 33149.

Defendant: <u>Dr. Bonnie F. Ponwith.</u> Official Position: <u>Director.</u> Place of Employment: Department of Commerce, National Oceanic and Atmospheric  Administration, National Marine Fisheries Service, Southeast Fisheries Science Center, 75  Virginia Beach Drive,

Miami Florida 33149.

**Defendant: Dr. Peter Thompson.** Official Position: **Director, Operations, Management and Information.** **Place of Employment:** Department of Commerce, National Oceanic and Atmospheric Administration, National Marine Fisheries Service, Southeast Fisheries Science Center, 75 Virginia Beach Drive, Miami Florida 33149.

**Defendant: Tyra** Dent Smith. Official Position: **Acting Deputy Chief Human Capital Officer, Office Human Resources Management (OHRM) and Chairman Commerce Alternative Personnel System (CAPS)** Board, **Place of Employment**: Department of Commerce.

**Defendant: Dr. Todd G. Gedamke.** Official Position: **Senior Scientist, Manager.** **Place of Employment:** MER Consultants, LLC; 5521 SE NASSAU AVE; STUART, FL 34997.

**Defendant: Benita D. Parks.** Official Position: **Branch Chief**

**Place of Employment**: Department of Commerce, Office of Oceanic and Atmospheric Research (OAR) and National Ocean Service (NOS) Workforce Management Office, Client Service Office, Norfolk Federal Bldg., room 815 200 Granby Street, Norfolk, VA 23510.


## II.    INTRODUCTION.

This action is brought by Plaintiff Nancie Jean Cummings to secure a remedy[s] for Defendants' violation of her civil rights under 42 U.S.C. SECTION 1983, et seq., and 29 USC CHAPTER 14 and the Rules and Procedures for Career Ladder Understudy Position as promulgated under the Merit Assignment Program (MAP) as well 5 C.F.R. Part 335 Section 104 and 105 and the guidelines under the Commerce Alternative Personnel System (CAPS) regarding (1) her employer's failure to promote Plaintiff to the

full performance level (FPL) of her GS 12/13 Research Fishery Biologist Career Ladder Research Fishery Biologist Understudy Position within a reasonable time period; and (2) Denial of training by her employer in advanced modeling topics (i.e., specifically in Bayesian Modeling and Advanced Differentiation Model Builder, ADMB) as recommended by her supervisors since the year 2008.

### III.    JURISDICTION

This court has jurisdiction over this action pursuant to 28 U.S.C. 1331 in that this case arises under federal law, specifically; title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000e, et seq.,and 29 USC CHAPTER 14.

### IV.    VENUE

Venue is appropriate in the Southern District of Florida pursuant to 28 USC Sec. 1402 et seq. as the unlawful acts of discrimination that give rise to Plaintiff's claims occurred in this District.

### V.    THE PARTIES

1. **Plaintiff, Nancie Jean Cummings,** is a 57 year-old female research fishery biologist, employed by the Department of commerce, National Oceanic Atmospheric Administration, National Marine Fisheries Service, Southeast Fisheries Science Center, Sustainable Fisheries Division. Plaintiff successfully competed for and was awarded on June 11, 1992 a GS 12/13 Career Ladder Research Fishery Biologist Understudy Position, prior to implementation of NOAA's Personnel Management Advisory Committee (PMAC) that was established on June 29th 1993 via NOAA, Administrative Order NAO 202-511. Plaintiff's position was classified by NOAA Personnel Agency Classification Specialists in April 1992

under Reg. 335.1 02 Competition as a GS 12/13 Career Ladder Research Fishery Biologist Position. Plaintiff has been 'mired" in the GS12/13 Career Ladder Understudy position and has not been able to receive the benefit of attaining the full performance level (GS13- ZP IV equivalent) in over twenty (20) years (since June 1992 and pre- PMAC) of service to NOAA and has suffered continual and constant discrimination in favor of younger employees and based on her gender and age.  Plaintiff has consistently performed her employee functions at a high level which has been continuously documented by her superiors but despite said fact, Plaintiff has been continually passed over for promotions and has failed to receive the benefits of additional training by her various supervisors all of which have been named as Defendants in this action.

2. **Defendant, Department of Commerce,** Rebecca M. Blank (former) and Cameron F. Kerry, Secretary is Plaintiff's employer via and through NOAA, National Oceanic Atmospheric Administration, a U.S. government agency aka **National Oceanic and Atmospheric Administration, Kathryn D. Sullivan, Acting NOAA Administrator** whose employees acted beyond the scope of their employment in a systematic pattern of discrimination against Plaintiff for years while allegedly acting under the promotion and training guidelines that they knew were incorrect and that did not apply to Plaintiff because her seniority.

3. **Defendant Clarence E. Porch is** Chief of Sustainable Fisheries Division, National Oceanic Atmospheric Administration, Southeast Fisheries Science Center and supervises analytical, technical, and field staff in activities relating to stock assessment and sustainability of marine fisheries resources. Defendant acted as Plaintiff's supervisor between 2006 and 2013. Defendant Porch intentionally and consistently failed to promote Plaintiff to the full performance level of her GS 13 Career Ladder Understudy position, violating rules and

procedures for Career Ladder position promotions, inaccurately converted her GS 12/13 Career Ladder Understudy position to the ZP equivalent, admitted to Plaintiff that he did not have a complete and accurate position description for the Plaintiff thus unable to carry out an accurate conversion from the GS to ZP system. Defendant consistently provided inaccurate and erroneous information to Plaintiff regarding procedures for promotions relating to positions classified prior to the establishment of the NOAA, PMAC system, defendant took no action either verbally or written to initiate steps to effect the promotion of Plaintiff while acting as her supervisor, although a non-competitive promotion was available to Plaintiff as early as June 1993 under rules and procedures of the Merit Assignment Plan (MAP) and under 5 C.F.R. 335 (104,105). Defendant denied training from Plaintiff on advanced topics such as Bayesian Modeling and Automatic Differentiation Model Builder (ADMB) although Defendant continuously recommended Plaintiff seek such training. Plaintiff alleges that the consistent discriminatory acts of Defendant were outside the scope of Defendants normal work responsibilities and that Defendant intentionally failed to advance Plaintiff as the law required.

4.    **Defendant Nancy B. Thompson** is Senior Science Advisor in the office of Assistant Administrator for Department of Commerce, National Oceanic and Atmospheric Administration. Defendant Thompson  intentionally and consistently failed to promote Plaintiff to the full performance level of her GS 12/13 Career Ladder Research Fishery biologist Understudy position within a reasonable time period; Nancy B. Thompson violated rules and procedures for Career Ladder position promotions under  MAP  and under 5 C.F.R. 335 (104,105); Intentionally and consistently provided inaccurate and erroneous information to Plaintiff regarding procedures for promotions relating to positions classified prior to the

establishment of the NOAA, PMAC system; Finally, Defendant Nancy B. Thompson took no action either verbally or written to ever initiate any steps to effect the promotion of Plaintiff while acting as her supervisor despite the fact that a non-competitive promotion was available to Plaintiff as early as June 1993 under rules and procedures for Career Ladder Understudy positions.   Defendant promoted Plaintiff into her GS12/13 Career Ladder Understudy position in June 1992.   In the Agency's Report of the Investigator, Defendant Thompson relayed to the Agency Investigator that she "had no memory of the Plaintiff's promotion" although defendant had been Plaintiff's supervisor for nearly seven years and was in fact one of the two SEFSC supervisors who initiated the personnel action for the GS 12/13 Career Ladder Understudy position which Plaintiff competed for successfully in June 1992.   During the same time period that the Plaintiff was supervised by Defendant Thompson, several other promotions to the GS 13 level grade were initiated by defendant Nancy Thompson although Plaintiff herself was eligible for a non-competitive promotion under the rules and procedures for Career Ladder and Understudy positions as early as June 1993. During the time period that Plaintiff was supervised by Defendants Scott and Nancy B. Thompson, official records for Plaintiff's position description were "lost or misplaced" as Defendant Porch indicated that no information relating to Plaintiff's Career Ladder Understudy Position was available to him. Plaintiff alleges that the consistent discriminatory acts of Defendant were outside the scope of Defendants normal work responsibilities and that Defendant intentionally failed to advance Plaintiff as the law required.

5. **Defendant Gerald S. Scott** is retired (since January 2013) from Sustainable Fisheries Division, National Oceanic Atmospheric Administration, Southeast Fisheries Science Center (January 2013). Defendant was Plaintiff's direct line supervisor from 1997 through 2006.

Defendant Scott failed to promote Plaintiff to the full performance level of her GS 12/13 Career Ladder Understudy position within a reasonable time. Defendant Scott violated rules and procedures for Career Ladder Understudy position promotions; Intentionally and consistently provided inaccurate and erroneous information to Plaintiff regarding procedures for promotions relating to positions classified prior to the establishment of the NOAA, PMAC system; Finally, Defendant Thompson took no action either verbally or written to ever initiate any steps to effect the promotion of Plaintiff while acting as her supervisor despite the fact that a non-competitive promotion was available to Plaintiff as early as June 1993 under rules and procedures for Career Ladder Understudy positions (MAP and 5 C.F.R. 335 (104, 105) however, defendant Scott initiated numerous personnel actions during that same time period to promote other staff to the GS 13 level grade, within the Plaintiffs division, frequently younger males and sometime females (younger). In the Agency's Report of the Investigator, Defendant relayed to the Agency Investigator that he (Defendant) 'thought' 'to the best of his recollection" that it was the employee's responsibility to initiate their own personnel actions regarding promotions and further that defendant believed that the Plaintiff's promotion was to be effected via PMAC, although Plaintiff's Career Ladder position had been classified prior to establishment of PMAC; indicating that defendant was not familiar or knowledgeable with proper rules and procedures under the Merit Assignment Plan (MAP) and 5.C.F.R. 335 104 and 105 for supervisors to prepare employees (Career Ladder employees) for advancement to the full level of their position (Understudy) description. During the time period that Plaintiff was supervised by defendants Gerald P. Scott and Nancy B. Thompson, Plaintiff's position description was lost or misplaced as Defendant Porch, Plaintiff's subsequent supervisor, indicated that no information relating to

Plaintiff's Career ladder Understudy Position was available to him. In addition, information on additional promotions that were initiated during time period Plaintiff was supervised by Defendant Scott was "apparently lost" as these personnel actions were not available to the Agency Investigator. Plaintiff alleges that the consistent discriminatory acts of Defendant were outside the scope of Defendants normal work responsibilities and that Defendant intentionally failed to advance Plaintiff as the law required.

6. **Defendant Theophilus Brainerd** is Deputy Director National Oceanic Atmospheric Administration, Southeast Fisheries Science Center. Defendant Brainerd Defendant violated rules and procedures for promotions of Career Ladder and Understudy positions and rules and procedures for positions classified prior to the establishment of the NOAA, PMAC system and rules and procedures for accurate conversion of Career Ladder and Understudy positions from the federal GS system to the correct ZP equivalent. Plaintiff alleges that the consistent discriminatory acts of Defendant were outside the scope of Defendants normal work responsibilities and that Defendant intentionally failed to advance Plaintiff as the law required.

7. **Defendant Bonnie J. Ponwith** is Director National Oceanic Atmospheric Administration, Southeast Fisheries Science Center. Defendant violated rules and procedures for promotions of Career Ladder and Understudy positions and rules and procedures for positions classified prior to the establishment of the NOAA, PMAC system and procedures for accurate conversion of Career Ladder and Understudy positions from the federal GS system to the correct ZP equivalent. Plaintiff alleges that the consistent discriminatory acts of Defendant were outside the scope of Defendants normal work responsibilities and that Defendant intentionally failed to advance Plaintiff as the law required.

8. **Defendant Peter Thompson**, Chief of Operations, Management and Information, National Oceanic Atmospheric Administration, Southeast Fisheries Science Center. Defendant oversees a staff of information specialists (computer services, software development) and personnel and purchasing agents and provides information on personnel issues. Defendant provided Plaintiffs supervisors (Porch, Gedamke) and Center management staff (Defendants Ponwith, Brainerd) inaccurate and erroneous information on matters relating to procedures for promotion under the PMAC system. Defendant Peter Thompson intentionally and consistently provided Plaintiffs supervisors (Defendants' Porch and Gedamke in particular) and other Center management staff (Defendants' Ponwith, Brainerd) with inaccurate information on matters relation is to procedures for promotion of positions classified prior to establishment of NOAAs PMAC system and Defendant Thompson violated rules and procedures for promotion of Career Ladder and Understudy positions under MAP and 5.C.F.R. 334 104 and 105. Plaintiff alleges that the consistent discriminatory acts of Defendant were outside the scope of Defendants normal work responsibilities and that Defendant intentionally failed to advance Plaintiff as the law required.

9. **Defendant Tyra Dent Smith** is Deputy Chief Human Capital Officer, Office Human Resources (OHRM) and Chairman of the Commerce Alternative Personnel System (CAPS) that provides oversight to the CAPS system. The DOC, OH RM provides services to over 3,000 DOC employees. Defendant violated rules and procedures for validating accuracy of conversion of Career Ladder and Understudy positions classified under the federal GS to the correct ZP equivalent series path. Plaintiff alleges that the consistent discriminatory acts of Defendant were outside the scope of Defendants normal work responsibilities and that Defendant intentionally failed to advance Plaintiff as the law required.

10. **Defendant Todd G. Gedamke,** Branch Chief of Gulf and Caribbean Branch of Sustainable Fisheries Division, National Oceanic Atmospheric Administration, Southeast Fisheries Science Center   from 2011- 2012. Defendant supervised analytical, technical, and field staff in activities relating to stock assessment and sustainability of marine fisheries resources. Defendant acted as Plaintiff's supervisor for two years from 2011 and 2012 before leaving the Agency. Defendant provided inaccurate and erroneous information to Plaintiff regarding procedures for promotions relating to positions classified prior to the establishment of the NOAA, PMAC system, and Defendant consistently took no action either verbally or written to initiate personnel actions to effect the   promotion of Plaintiff while acting as her supervisor despite the fact that a non-competitive promotion was available to Plaintiff as early as June 1993 under rules and procedures for Career Ladder and  Understudy positions. Defendant denied training from Plaintiff on advanced topics such as Bayesian Modeling and Automatic Differentiation Model Builder (ADMB) and in use of the Length Based Mortality estimator. Plaintiff alleges that the consistent discriminatory acts of Defendant were outside the scope of Defendants normal work responsibilities and that Defendant intentionally failed to advance Plaintiff as the law required.

11. **Defendant Benita D. Parks,** is the Branch Chief, Department of Commerce, Office of Oceanic and Atmospheric Research (OAR) and National Ocean Service (NOS) Workforce Management Office. Defendant was consulted by Plaintiffs supervisors and SEFSC managers regarding Plaintiff's Career Ladder Position.   Defendant provided Plaintiff's supervisor (Porch) with information corroborating the Plaintiff's GS 12/13 Career Ladder Understudy position however despite Plaintiff's eligibility for said promotion since June 1993, Defendant  took no action to initiate personnel actions to effect the Plaintiffs

11

promotion to the full performance level that the Plaintiff became first eligible for in June 1993. Plaintiff alleges that the consistent discriminatory acts of Defendant were outside the scope of Defendants normal work responsibilities and that Defendant intentionally failed to advance Plaintiff as the law required.

12. All of the acts and failures to act alleged herein were duly performed by and attributable to all Defendants, each acting as a successor, agent, alter ego, employee, indirect employer, integrated enterprise and/or under the direction and control of the others, except as specifically alleged otherwise. Said acts and failures to act were within the scope of such agency and/or employment, and each Defendant participated in, approved and/or ratified the unlawful acts and omissions by the other Defendants complained of herein and any and all acts are hereby incorporated by reference herein and such allegations and reference shall also be *deemed to mean the acts and failures acting individually, jointly, and or severally.*

## VI.   EXHAUSTION OF ADMINISTRATIVE REMEDIES

13. Plaintiff has exhausted her administrative remedies. She filed timely administrative charges of discrimination against her supervisors with the U.S. Equal Employment Opportunity Commission (EEOC). Plaintiff participated in all administrative processes available to her including: continued discussions with her supervisors regarding promotion options and schedules since 1992, and all EEO required counseling and participation in the Agency investigation. Documentation for Plaintiffs complaint is filed with EEOC No. 510-2012-00175X, Agency No. 54-2011-00245.  **(The Final Order from EEOC is attached hereto as Exhibit 1.)**

14. On March 12th 2013 the Plaintiff received from the EEOC Letter of determination against

the Plaintiff. Though the Plaintiff made several attempts to reach conciliation with her supervisors no attempt was made by her employer to correct/remedy the situation.

15. Plaintiff has been continually requesting support for gaining advanced modeling training which has continually been denied by her supervisors since 2008.

16. As a result of Defendants' continued failure to provide any additional training, Plaintiff has since taken action to self- fund training in Bayesian Modeling at the  University of Maryland (June 2013).

## VII.   STATEMENT OF THE FACTS

17. Plaintiff repeats and re-alleges the allegations set forth in Paragraphs 1 through 17 as though fully set forth herein.

18. Plaintiff applied for and was promoted into a GS 12/13 Career Ladder Understudy Position on June 11, 1992 and first became eligible for promotion to the full performance level (FPL) of her Career Ladder Understudy Position in June 1993.

19. Over the course of the succeeding 20 years, Plaintiff repeatedly inquired of her direct line supervisors as to procedures for obtaining the full level of her understudy position and also requested support for training since 2008.

20. Over the entire course of the succeeding 20 years, Plaintiff consistently communicated with her direct line supervisors via handwritten notes, emails or through direct conversation regarding her project performance and activities and never during this time period did her supervisors indicate either through written or verbal means that the performance of Plaintiff was not acceptable.

21. Career Ladder promotion which was available to her although her supervisors promoted numerous other staff in her division and a few staff were promoted multiple times during the time period when promotion was denied from the Plaintiff.

13

22. Agency investigator made no attempt to locate either lost or misplaced records documenting personnel actions of additional promotions of staff within Plaintiff's division that NOAA Workforce Management staff indicated, to the Agency Investigator, could not be located. During this same time, Plaintiffs supervisors effected personnel actions on at least 23 occasions however the total number of personnel actions initiated were in fact larger due to lost or misplaced records.

23. Over the next twenty years since Plaintiff's competitive promotion in 1992, Plaintiffs supervisors continually awarded her cash bonuses (sometimes multiple bonuses per year) and rated her performance as Outstanding and/or Commendable and placed Plaintiff in temporary duty status of Supervisory Research Biologist. Plaintiff's supervisors and SEFSC Center managers were aware of Plaintiffs Career Ladder Understudy Position as early as June 1992 as the time Plaintiff was promoted into the Career Ladder GS 12/13 Understudy position.

24. Plaintiff's supervisors and SEFSC center management intentionally consistently provided erroneous information to the Plaintiff regarding appropriate procedures relating to promotions for Career Ladder and Understudy Positions and specifically for Research positions classified prior to the development of the PMAC system that was developed after her position was classified by Agency Human Resources specialists.

25. Plaintiff's supervisors and SEFSC Center management intentionally and consistently took no action to remedy the situation even when Agency official documentation was provided by NOAA Workforce Management personnel that corroborated classification of the Plaintiffs position as a GS 12/13 Career Ladder Understudy Position.

26. Neither Plaintiffs supervisors nor SEFSC Center management nor EEO officials took

14

any action to remedy the situation even when Agency Human Resources Specialists and Workforce Management Office staff provided input documenting Plaintiffs Career Ladder GS 12/13 Understudy position.

27. In addition Plaintiffs supervisors inaccurately converted her position from the GS system to the Commerce Pay for Performance (CAPS) ZP equivalent and did so without an accurate position description and have taken no action to this date to remedy this error. Further when CAPS specialists were notified of this inaccurate conversion no action was taken to remedy the inaccurate GS:ZP conversion.

28. Although, Plaintiffs supervisors and SEFSC management confirmed that they were without accurate information the true and accurate description the Plaintiff's position description (a GS 12/13 Career Ladder Understudy position) neither SEFSC management nor Plaintiffs supervisors nor NOAA Workforce Management staff nor CAPs personnel specialists took any action to remedy the inaccurate conversion of the Plaintiffs position description from the GS to the ZP series.

29. SEFSC managers nor Plaintiffs supervisors nor NOAA Workforce Management staff took any action to remedy the errors made when inaccurate information was provided to Plaintiffs supervisor by Defendant Peter Thompson without, reference to appropriate procedures for promotions of Career Ladder and Understudy positions and positions classified outside the NOAA PMAC system (i.e., positions classified prior to establishment of PMAC).

30. SEFSC managers nor Plaintiffs supervisors nor NOAA, Workforce Management provided no supporting information on credentials or expertise of SEFSC staff (Defendant Peter Thompson and Gedamke) who provided inaccurate information to Plaintiffs supervisor by

15

Defendant Peter Thompson without relating to procedures for promotions of Career Ladder and Understudy positions and positions classified outside the NOAA PMAC system.

31. Plaintiff's supervisors consistently denied her training in advanced modeling topics since 2008 although training was provided to other staff and although Plaintiffs supervisors (Defendant Porch) specifically included such recommendation in her end of year evaluation.

32. Over the time period of supervision under Defendants Thompson and Scott (through 2006) Defendant never received any suggestions for improvement in the Plaintiffs performance or recommendations (written or verbal) of the need for training or indicated verbally or through written means that the Plaintiff was not performing as expected under her Career Ladder Understudy position description. Subsequent to begin of supervision by Defendant Porch (2006) and after becoming Salary capped in 2008, Defendant Porch recommended the need for advanced training in modeling topics (in Bayesian modeling and ADMB specifically) however Defendant Porch denied training multiple times as did Defendant Gedamke.

## COUNT ONE

**[Unlawful Discrimination on the basis of violation of promotion procedures for Career Ladder and Understudy Positions under the provisions of 29 USC CHAPTER 14 and 28 USC Sec. 1402 et seq. as well as the Merit Assignment Program (MAP) as well 5C.F.R. Part 335 Section 104 and 105 and the guidelines under the Commerce Alternative Personnel System (CAPS).]**

33. Plaintiff repeats and re-alleges the allegations set forth in Paragraphs 1 through 32 as though fully set forth herein.

34. Defendants discriminated against Plaintiff when they took no action to remedy the inaccurate conversion of her GS 12/13 Career Ladder position to the equivalent ZP position.

35. Plaintiff alleges that Defendants violated Personnel Management practices relating to Career

Ladder Promotions and to Understudy positions. Plaintiff alleges that Defendants took no action to correct/remedy the errors made when converting her GS 12/13 Career Ladder Understudy Position to the CAPS ZP equivalent.

36. Plaintiff alleges that Defendants' violated Personnel Management practices relating to Career Ladder Promotions and to Understudy position promotions. Plaintiff alleges that Defendants took no action to correct/remedy the errors made when converting her GS 12/13 Career Ladder Understudy Position to the CAPS ZP equivalent.

37. Plaintiff is therefore requesting an immediate conversion to the ZP equivalent of her GS 12/13 Career Ladder Understudy Position retroactive to 1993, the time when she first became eligible for promotion.

38. Defendants also discriminated against Plaintiff when they took no action to promote her within a reasonable time period, to the full level of her Career Ladder Understudy Position as was available to her as early as June 1993. Plaintiff is therefore requesting an immediate promotion to the ZP equivalent of her GS 12/13 Career Ladder Understudy Position retroactive to 1993.

39. Defendants' intentionally and systematically discriminated against Plaintiff when they failed to follow appropriate rules and procedures for Career Ladder promotions under Merit Assignment Plan (MAP) and 5.C.F.R.

40. Defendants discriminated against Plaintiff when they consistently provided inaccurate information to her regarding rules and procedures for promotion of positions classified outside of the Commerce Alternative Personnel System (CAPs) established after Plaintiffs position was classified.

41. Defendants discriminated against plaintiff when they ignored Agency official documentation

and Agency written input corroborating Plaintiff's Career Ladder Understudy position.

42. Defendants discriminated against Plaintiff when a Decision without a hearing (as requested by the Plaintiff) was rendered. Such a ruling was unsupported as Plaintiff showed that there were genuine issues relating to material facts of this case.

43. As a proximate result of Defendants discriminatory actions and/or failures to act, Plaintiff has suffered losses in compensation (past and future), earning capacity (past and future), retirement pension, savings contributions (past and future) and potential earnings (Thrift Savings Account), humiliation, mental anguish and frustration, and continued emotional distress.

44. As a result of all these actions and failures to act and consequent harms, plaintiff has suffered such damages in an amount to be proved at trial. Taking action to promote Plaintiff within a reasonable time period would not have placed her Agency/Department with undue hardship, as her supervisors promoted numerous other staff in her division during the twenty (20) year period since her original promotion to the GS 12/13 Career Ladder Understudy Position.

45. In addition, Plaintiff's superiors consistently gave her performance exemplary reviews and praise although they also consistently refused to provide any additional training or promotion even when it was lawfully due plaintiff under CAPS and under her Career Ladder Understudy position description.

46. Further, Plaintiff's performance record was exemplary during these years as supported through end of year evaluations, multiple and frequent cash bonuses and temporary duty assignments into 'Supervisory Positions."

47. Plaintiff alleges that the failure to provide training and the failure to promote was intentional

and was done in complete disregard of Plaintiff's constitutional rights and in violation of 28 U.S.C. 1331 in that this case arises under federal law, specifically; title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000e, et seq. and 29 USC CHAPTER 14 and said violations were premised on her age and her gender which is inherently violative of Plaintiff's constitutional rights.

48. The Defendants' have also clearly violated their own rules and procedures promulgated under the Merit Assignment Program (MAP) as well 5C.F.R. Part 335 Section 104 and 105 and the guidelines under the Commerce Alternative Personnel System (CAPS) and Defendants' intentionally and systematically discriminated against Plaintiff when they failed to follow appropriate rules and procedures for Career Ladder promotions under Merit Assignment Plan (MAP) and 5.C.F.R.

49. Defendants discriminated against Plaintiff when they consistently provided inaccurate information to her regarding rules and procedures for promotion of positions classified outside of the PMAC system, said system established after Plaintiffs position was classified.

50. Defendants consistently discriminated against Plaintiff when they took no action to remedy the inaccurate conversion of her GS 12/13 Career Ladder position to the equivalent ZP position despite repeated requests by Plaintiff, her superior reviews and that she had seniority.

51. Defendants discriminated against plaintiff when they ignored Agency official documentation and Agency written input corroborating Plaintiff's Career Ladder Understudy position.

52. Defendants discriminated against Plaintiff when a Decision without a hearing (as requested

19

by the Plaintiff) was rendered. Such a ruling is unsupported as Plaintiff showed that there were genuine issues relating to material facts of this case **including the fact that substantial documentation was apparently lost or misplaced by various Agency personnel. (Emphasis added).**

53. Defendants' by not taking action to promote Plaintiff within a reasonable time period is also clearly evidenced by the fact that Plaintiff's supervisors promoted numerous other staff in her division during the twenty (20) year period since her original promotion to the GS 12/13 Career Ladder Understudy Position despite the fact that the Plaintiff's performance record was exemplary during these years as supported through end of year evaluations, multiple and frequent cash bonuses and temporary duty assignments into 'Supervisory Positions."

54. As a result of Defendants discriminatory actions and/or failures to act, Plaintiff has suffered losses in compensation (past and future), earning capacity (past and future), retirement pension, savings contributions and potential earnings (Thrift Savings Account), humiliation, mental anguish and frustration, and continued emotional distress.

55. As a result of all these actions, inaction and/or omissions/failures to act, Defendants' intentionally harmed Plaintiff and Plaintiff has suffered and will continue to suffer damages until this matter is resolved by the Court and will be fully determined at trial.

## IX.    PRAYER FOR RELIEF FOR COUNT ONE

**WHEREFORE, Plaintiff respectfully requests that this Court:**

1.    Enter a declaratory judgment that the practices complained of in this complaint are unlawful and have violated Plaintiff's Constitutional rights;

2.    Enter a declaratory judgment that immediately promotes Plaintiff to the full performance

20

level (FPL) of the Research Fishery Biologist GS 12/13 (ZP Equivalent) Career Ladder Understudy Position she was promoted into in June 1992 and became eligible for promotion to the FPL (GS 13) in June 1993, while this case is pending and the issue of compensatory damages is brought before this honorable court;

3. Enter a declaratory judgment that Plaintiff is entitled to an immediate conversion to the ZP equivalent of her GS 12/13 Career Ladder Understudy Position retroactive to 2006;

4. Award Plaintiff compensatory damages in amount required to make Plaintiff whole after enduring years of unlawful discrimination;

5. Grant all injunctive relief necessary to bring Defendants into compliance with therefore mentioned laws;

6. Order Defendants to pay the wages, salary, employment benefits, and other compensation denied or lost to Plaintiff to date by reason of Defendants' unlawful actions, in amounts to be proven at trial;

7. Order Defendants to pay compensatory damages for Plaintiff's emotional pain and suffering, in an amount to be proven at trial;

8. Order Defendants to pay attorneys' fees, consulting costs and other costs of this action;

9. Order Defendants to pay interest at the legal rate on such damages as appropriate, including pre-and post-judgment interest; and

10. Grant any further relief that the Court deems just and proper.

## COUNT TWO

**[Unlawful discrimination on the basis of continual denial of training such as ADMB and Bayesian Modeling under the provisions of 29 USC CHAPTER 14 and 28 USC Sec. 1402 et seq. as well as the Merit Assignment Program (MAP) as well 5C.F.R. Part 335 Section 104 and 105 and the guidelines under the Commerce Alternative Personnel System (CAPS)]**

56. Plaintiff repeats and re-alleges the allegations set forth in Paragraphs 1 through 55 as though fully set forth herein.

57. Plaintiff alleges that the failure to provide training and the failure promote were intentional and were done in complete disregard of Plaintiff's constitutional rights and in violation of 28 U.S.C. 1331 in that this case arises under federal law, specifically; title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000e, et seq. and 29 USC CHAPTER 14 and said violations were premised on her age and her gender which is inherently violative of Plaintiff's constitutional rights.

57. The Defendants' have also clearly violated their own rules and procedures promulgated under the Merit Assignment Program (MAP) as well 5C.F.R. Part 335 Section 104 and 105 and the guidelines under the Commerce Alternative Personnel System (CAPS) and Defendants' intentionally and systematically discriminated against Plaintiff when they failed to follow appropriate rules and procedures for Career Ladder promotions under Merit Assignment Plan (MAP) and 5.C.F.R. and that said discrimination was based solely on her age gender and was violative of Plaintiff's constitutional rights.

58. Defendants discriminated against Plaintiff when they consistently provided inaccurate information to her regarding rules and procedures for promotion of positions classified outside of the PMAC system established after Plaintiff's position was already classified solely because Defendants' offered and provided the above referenced training to younger employees to the detriment of Plaintiff and Plaintiff's career.

59. Defendants consistently further discriminated against Plaintiff when they took no action to remedy the inaccurate conversion of her GS 12/13 Career Ladder position to the equivalent ZP position despite repeated requests by Plaintiff, her superior reviews, and that she had

seniority over younger employees not to mention that  Plaintiff was more than qualified.

60. Defendants discriminated against Plaintiff when they ignored Agency official documentation and Agency written input corroborating Plaintiff's Career Ladder Understudy position and her qualifications but granted training to younger employees (typically male) even though Plaintiff  was clearly more qualified and entitled to said additional training under the Agency's own rules and regulations as stated above.

61. Defendants discriminated against Plaintiff when a Decision without a hearing (as requested by the Plaintiff) was rendered. Such a ruling is inappropriate as Plaintiff showed that there were genuine issues relating to material facts of this case **including the fact that substantial documentation was apparently lost or misplaced by various Agency Supervisory personnel. (Emphasis added).**

62. Defendants' by not taking action to promote Plaintiff within a reasonable time period is also clearly evidenced by the fact that Plaintiff's supervisors promoted numerous other staff in her division (typically younger and male) during the twenty (20) year period since her original promotion to the GS 12/13 Career Ladder Understudy Position.   This discriminatory activity  consistently and intentionally adhered to by the various Defendants despite the fact that the Plaintiff's performance record was exemplary during these same years as supported through end of year evaluations, multiple and frequent cash bonuses and temporary duty assignments into 'Supervisory Positions."

63. As a result of Defendants discriminatory actions and/or failures to act, Plaintiff has suffered losses in compensation (past and future), earning capacity (past and future), retirement pension, savings contributions and potential earnings (Thrift Savings Account), humiliation, mental anguish and frustration, and continued emotional distress.

64. As a result of all these actions, inaction and/or omissions/failures to act, Defendants'

intentionally harmed Plaintiff and Plaintiff has suffered and will continue to suffer damages until this matter is resolved by the Court and will be fully determined at trial.

65. As a result from the Defendants acts to deny training, Plaintiff has suffered loss of technical capacity leading to diminished analytical capability. Plaintiff has suffered frustration from being excluded from such advanced analytical training and the loss of potential for future employment considerations including supervisory positions that require such advanced training.

66. Plaintiff alleges that the Defendants acted in a concerted and intentional effort to minimize her growth rather than take action to foster optimal development as required under her Understudy position and as mandated by the Agency as well in complete and a continual violation of Plaintiff's Constitutional rights.

67. Moreover, providing the Plaintiff with advanced modeling training in these two topics would clearly not have placed an undue hardship on the Plaintiff's Agency as it was already continually providing support for training for other staff in her division that were typically younger and of the male gender.

68. As a result of Defendants discriminatory actions and/or failures to act, Plaintiff has suffered losses in compensation (past and future), earning capacity (past and future), retirement pension, savings contributions and potential earnings (Thrift Savings Account), humiliation, mental anguish and frustration, and continued emotional distress.

69. As a result of all these actions, inaction and/or omissions/failures to act, Defendants' intentionally harmed Plaintiff and Plaintiff has suffered and will continue to suffer damages until this matter is resolved by the Court and will be fully determined at trial.

## X.   PRAYER FOR RELIEF FOR COUNT TWO

**WHEREFORE, Plaintiff respectfully requests that this Court:**

1.  Enter a declaratory judgment that the practices complained of in this complaint are unlawful and have violated Plaintiff's Constitutional rights;

2.  Enter a declaratory judgment that immediately promotes Plaintiff to the full performance level (FPL) of the Research Fishery Biologist GS 12/13 (ZP Equivalent) Career Ladder Understudy Position she was promoted into in June 1992 and became eligible for promotion to the FPL (GS 13) in June 1993, while this case is pending and the issue of compensatory damages is brought before this honorable court;

3.  Enter a declaratory judgment that Plaintiff is entitled to an immediate conversion to the ZP equivalent of her GS 12/13 Career Ladder Understudy Position retroactive to 1993 and to order the Agency to provide the training in such amounts that are adequate to make Plaintiff whole as a result of her illegally not receiving the training she was legally entitled to, said training recommended by Defendant Porch since 2008;

4.  Award Plaintiff compensatory damages in amount required to make Plaintiff whole after enduring years of unlawful discrimination;

5.  Grant all injunctive relief necessary to bring Defendants into compliance with therefore mentioned laws;

6.  Order Defendants to pay the wages, salary, employment benefits, and other compensation denied or lost to Plaintiff to date by reason of Defendants' unlawful actions, in amounts to be proven at trial;

7.  Order Defendants to pay compensatory damages for Plaintiff's emotional pain and suffering, in an amount to be proven at trial;

25

8. Order Defendants to pay attorneys' fees, consulting costs and other costs of this action;

9. Order Defendants to pay interest at the legal rate on such damages as appropriate, including

  pre-and post-judgment interest; and

10. Grant any further relief that the Court deems just and proper.


## XI. Jury Demand

Plaintiff herby demands a jury trial on all issues so triable.

Are you demanding a jury trial?     **X** Yes     No

Signed this 6th day of JUNE, 2013

Signature of Plaintiff     *Nancie Jean Cummings*

**NANCIE JEAN CUMMINGS**


I declare under penalty of perjury that the foregoing is truce and correct.

Executed on: June 6th, 2013.

**Signature of Plaintiff**


*Nancie J Cummings*

**NANCIE JEAN CUMMINGS, PLAINTIFF**

                                   Facsimile: _____

                                   _____

                                   Attorneys for Plaintiff/Defendant
                                   *[Party name(s)]  (if applicable)*

## Certificate of Service

**I hereby certify** that a true and correct copy of the foregoing was served by

_____ [specify method of service] on _____[date]

on all counsel or parties of record on the Service List below.


_____
Signature of
Filer


## SERVICE LIST


Rebecca M. Blank/Cameron F. Kerry/Secretary
Party or Attorney Name


Attorney E–mail Address *(if applicable)*

Agency, U.S. Department of Commerce
Firm Name *(if applicable)*

1401 Constitution Avenue, NW.
Street Address

Washington, D.C. 20230
City, State, Zip Code

Telephone: 202-482-2112
Facsimile: 202-482-5168


Attorneys for Plaintiff/Defendant
*[Party's Name(s)] (if applicable)*


Kathryn, D. Sullivan/ NOAA Administrator
Party or Attorney Name


Attorney E–mail Address *(if applicable)*

NOAA Fisheries
Firm Name *(if applicable)*

1401 Constitution Avenue, NW., Room 5128
Street Address

Washington, D.C. 20230
City, State, Zip Code

Telephone: 202-482-3436
Facsimile: 202-482-5168


Attorneys for Plaintiff/Defendant
*[Party's Name(s)] (if applicable)*

27

Clarence E. Porch
Party or Attorney Name

Attorney E–mail Address *(if applicable)*

NOAA, Southeast Fisheries Science Center
Firm Name *(if applicable)*

75 Virginia Beach Drive
Street Address

Miami, FL 33149
City, State, Zip Code

Telephone:  305-361-4232

Facsimile:  305-361-4499

Attorneys for Plaintiff/Defendant
*[Party's Name(s)] (if applicable)*


Nancy B. Thompson
Party or Attorney Name

Attorney E–mail Address *(if applicable)*

NOAA, Senior Advisor, Office Asst. Administrator
And Director Keys Marine Laboratory
Firm Name *(if applicable)*

C/O Keys Biological Laboratory, 68486 US Hwy-1
Street Address

Long Key, FL 33001
City, State, Zip Code

Telephone:  305-664-9101

Facsimile:  305-664-0850

Attorneys for Plaintiff/Defendant
*[Party's Name(s)] (if applicable)*

28

Gerald P. Scott
_____
Party or Attorney Name

_____
Attorney E–mail Address *(if applicable)*

_____
Firm Name *(if applicable)*

11699 SW 50th Court
_____
Street Address

Cooper City, FL 3330
_____
City, State, Zip Code

Telephone: _____

Facsimile: _____

_____
Attorneys for Plaintiff/Defendant
*[Party's Name(s)] (if applicable)*

Theoliphus Brainerd
_____
Party or Attorney Name

_____
Attorney E–mail Address *(if applicable)*

NOAA, Southeast Fisheries Science Center
_____
Firm Name *(if applicable)*

75 Virginia Beach Drive, Room 207
_____
Street Address

Miami, FL 33149
_____
City, State, Zip Code

Telephone: 305-361-4284

Facsimile: 305-361-4219

_____
Attorneys for Plaintiff/Defendant
*[Party's Name(s)] (if applicable)*

29

Bonnie F. Ponwith
Party or Attorney Name

Attorney E–mail Address *(if applicable)*

NOAA, SEFSC
Firm Name *(if applicable)*

75 Virginia Beach Drive
Street Address

Miami, FL 33149
City, State, Zip Code

Telephone:  305-361-4264

Facsimile:  305-361-4219

Attorneys for Plaintiff/Defendant
*[Party's Name(s)] (if applicable)*

Peter Thompson
Party or Attorney Name

Attorney E–mail Address *(if applicable)*

NOAA, SEFSC
Firm Name *(if applicable)*

75 Virginia Beach Drive
Street Address

Miami, FL 33149
City, State, Zip Code

Telephone:  305-361-4284

Facsimile:  305-361-4219

Attorneys for Plaintiff/Defendant
*[Party's Name(s)] (if applicable)*

Tyra Dent Smith
Party or Attorney Name

Attorney E–mail Address *(if applicable)*

DOC, Office Human Resources
Firm Name *(if applicable)*

Office of the CHCO Council, US OPM,
Suite 5H27  HCHB Room, 1900 E. Street, NW,
Street Address

Washington, D.C. 20415
City, State, Zip Code

Telephone: 202-482-4807

Facsimile: _____

Attorneys for Plaintiff/Defendant
*[Party's Name(s)] (if applicable)*

Todd G. Gedamke
Party or Attorney Name

Attorney E–mail Address *(if applicable)*

Firm Name *(if applicable)*

5521 SE Nassau Avenue
Street Address

Stuart, FL  34997
City, State, Zip Code

Telephone: 804-642-9314

Facsimile: _____

Attorneys for Plaintiff/Defendant
*[Party's Name(s)] (if applicable)*

31

Benita D. Parks
Party or Attorney Name

Party or Attorney Name


Attorney E–mail Address *(if applicable)*

Attorney E–mail Address *(if applicable)*

NOAA, Workforce Management Office, Client Service Office
Firm Name *(if applicable)*

Firm Name *(if applicable)*

Norfolk Federal Bldg., Room 815, 200 Granby St.
Street Address

Street Address

Norfolk, Virginia
City, State, Zip Code

City, State, Zip Code

Telephone: 757-441-6550

Telephone: _____

Facsimile: _____

Facsimile: _____


Attorneys for Plaintiff/Defendant
*[Party's Name(s)] (if applicable)*

Attorneys for Plaintiff/Defendant
*[Party's Name(s)] (if applicable)*

**Exhibit 1**

UNITED STATES DEPARTMENT OF COMMERCE
Chief Financial Officer and
 Assistant Secretary for Administration
Washington, D.C. 20230

MAR – 5 2013

| | |
|---|---|
| Nancie J. Cummings, | ) |
| Complainant | ) |
| | ) |
| v. | ) |
| | ) |
| Rebecca M. Blank, Acting Secretary | ) |
| U.S. Department of Commerce | ) |

Complaint Numbers: 11-54-00245/54-2011-00245[1]
EEOC Case Number: 470-2012-00043X

## NOTICE OF FINAL ORDER

This is the Department of Commerce's final action in Complaint Number 54-2011-00245 filed

by Nancie J. Cummings (Complainant), a Research Fishery Biologist, ZP-0482-III, with the

Coastal Resources and Sustainable Fisheries Division, National Marine Fisheries Service

(NMFS), National Oceanic and Atmospheric Administration (NOAA or Agency),

U.S. Department of Commerce (Department).

### I.    Procedural History

Following completion of the investigation, Complainant exercised her post-investigative options

and requested a hearing before an Equal Employment Opportunity Commission (EEOC)

administrative judge (AJ).  On July 9, 2012, the Agency filed a Motion for Summary Judgment,

to which Complainant provided a Response on July 30, 2012.  On February 20, 2013,

AJ Joy Helprin issued and Decision and Order Entering Judgment in favor of the Agency.  The

AJ's Decision was received by the Department's Office of Civil Rights for final action on

February 28, 2013.  As the Department chooses to adopt the AJ's decision, this Final Order is

being issued on or before April 9, 2013, in compliance with Title 29, Code of Federal

Regulations (C.F.R.), Section (§) 1614.110(a).

---

[1] Due to the implementation of a new complaint tracking system, this number has been assigned to this complaint
and should be included in all future correspondence.

54-2011-

## II.      Statement of Claims Presented for Hearing

Was the Complainant discriminated against on the basis of sex (female) in violation of Title VII of the Civil Rights Act of 1964, or age (DOB: June 25, 1956), in violation of the Age Discrimination in Employment Act (ADEA) when she was denied a career ladder promotion and when she was denied training since March 2011.

## III.     Final Decision/Action

After carefully reviewing the entire record in this complaint, we have decided to implement or adopt without modification the decision of the EEOC AJ, as it is fully supported by the evidence and follows appropriate case law precedent.

## IV.     Attorney's Fees and/or Costs

The record reflects that an attorney did not represent Complainant during the processing of her complaint and Complainant is not a prevailing party.  Therefore, she is not entitled to any attorney's fees or costs.

## V.      Right to Appeal or File a Civil Action

If Complainant is not satisfied with the final action in this complaint, **one** of the two actions described below may be taken.  Either action selected must be taken within the specified time frames.

54-2011-00245

**1.** **Appeal the Final Order to the Equal Employment Opportunity Commission by submitting the enclosed Notice of Appeal/Petition, EEOC Form 573, to the EEOC, Office of Federal Operations (OFO), using one of the following methods:**

**By Mail:**

Director, Office of Federal Operations
Equal Employment Opportunity Commission
P. O. Box 77960
Washington, D.C. 20013

**By Personal Delivery:**

Director, Office of Federal Operations
Equal Employment Opportunity Commission
One NOMA Station
131 M Street, N.E., Suite 5SW12G
Washington, D.C.  20507

**By Facsimile:**

Facsimile Telephone (202) 663-7022 or (FTS) 989-7022

**Time Frames:**  If an attorney does not represent the Complainant, the appeal must be filed within **30 calendar days** of receipt of this final order.  If an attorney represents the Complainant, then the appeal must be filed within **30 calendar days** of the date **the attorney** received the Final Decision.  See 29 C.F.R. § 1614.402(a). *by 4/12/2013*

Also, a copy of any appeal submitted must be sent to the Department, at the address cited below, at the same time it is filed with the EEOC, OFO.  Any statement or brief in support of an appeal must be submitted to the Director, OFO, within **30 calendar days** of filing the appeal, and a copy must be provided to the Department at the following address:

The Office of Civil Rights, Room 6012
U. S. Department of Commerce
Washington, D.C.  20230

**2. File a civil action in Federal district court.**

If a civil action is filed, Complainant must name the appropriate Department or Agency head as the defendant and provide his or her official title.  Failure to name the head of the Department or Agency and/or the official title may result in the dismissal of the case.  The appropriate Department or Agency is the Department of Commerce.  The head of the Department of Commerce is **Rebecca M. Blank**, who is the Acting Secretary of Commerce.

**Time Frames:**  A civil action must be filed within **90 calendar days** of the date of receipt of the final order if no appeal has been filed.  See 29 C.F.R. § 1614.408(a).  If an appeal is filed, a civil action may be filed within **90 calendar days** after receipt of the EEOC's final decision on the appeal, or after **180 days** from the date of filing an appeal if there has been no final decision by the Commission.

**Right to Request Court Appointment of Counsel:**  If Complainant decides to file a civil action, under Title VII or under the Rehabilitation Act, and does not have or cannot afford the services of an attorney, the Complainant may petition the court for appointment of an attorney.  In such circumstances as the court may deem just, the court may appoint a lawyer to represent the Complainant and may authorize such services without payment of fees, costs, or other security.  The grant or denial of the request for a court appointed attorney is within the sole discretion of the court.  Filing a request for an attorney does not extend time limitations for filing a civil action.  Both the request and the civil action **must be filed within 90 calendar days** of the date of receipt of the EEOC's decision.

54-2011.

## CERTIFICATE OF SERVICE

I attest that a copy of this Notice of Final Order has been sent to the parties below:

**By United Parcel Service:**

Ms. Nancie J. Cummings
5030 SW 73rd Terrace
Miami, FL  33143

**Other:**

Office of General Counsel, E&LLD
        ATTN:  Jennifer Chung, Esq.

Joseph Hairston
EEO Officer, NOAA

Complaint File (Tab N)

OCR Chron File

_____
Signature

_____
MAR – 5 2013
Date

# NOTICE OF APPEAL/PETITION
## TO THE EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

OFFICE OF FEDERAL OPERATIONS
P.O. Box 77960
Washington, DC 20013

| Complainant Information: (Please Print or Type) | |
|---|---|
| Complainant's name (Last, First, M.I.): | |
| Home/mailing address: | |
| City, State, ZIP Code: | |
| Daytime Telephone # (with area code): | |
| E-mail address (if any): | |

| Attorney/Representative Information (if any): | |
|---|---|
| Attorney name: | |
| Non-Attorney Representative name: | |
| Address: | |
| City, State, ZIP Code: | |
| Telephone number (if applicable): | |
| E-mail address (if any): | |

| General Information: | |
|---|---|
| Name of the agency being charged with discrimination: | |
| Identify the Agency's complaint number: | |
| Location of the duty station or local facility in which the complaint arose: | |
| Has a final action been taken by the agency, an Arbitrator, FLRA, or MSPB on this complaint? | ___ Yes; Date Received _____ (Remember to attach a copy) <br> ___ No <br> ___ This appeal alleges a breach of settlement agreement |
| Has a complaint been filed on this same matter with the EEOC, another agency, or through any other administrative or collective bargaining procedures? | ___ No <br> ___ Yes (Indicate the agency or procedure, complaint/docket number, and attach a copy, if appropriate) |
| Has a civil action (lawsuit) been filed in connection with this complaint? | ___ No <br> ___ Yes (Attach a copy of the civil action filed) |
| NOTICE: Please **attach a copy of the final decision or order** from which you are appealing. If a hearing was requested, please attach a copy of the agency's final order and a copy of the EEOC Administrative Judge's decision. Any comments or brief in support of this appeal MUST be filed with the EEOC and with the agency **within 30 days** of the date this appeal is filed. The date the appeal is filed is the date on which it is postmarked, hand delivered, or faxed to the EEOC at the address above. | |
| Signature of complainant or complainant's representative: | |
| Date: | |

EEOC Form 573 REV 1/01

# PRIVACY ACT STATEMENT

(This form is covered by the Privacy Act of 1974. Public Law 93-597. Authority for requesting the personal data and the use thereof are given below.)

1. **FORM NUMBER/TITLE/DATE:** EEOC Form 573, Notice of Appeal/Petition, January 2001

2. **AUTHORITY:** 42 U.S.C. § 2000e-16

3. **PRINCIPAL PURPOSE:** The purpose of this questionnaire is to solicit information to enable the Commission to properly and efficiently adjudicate appeals filed by Federal employees, former Federal employees, and applicants for Federal employment.

4. **ROUTINE USES:** Information provided on this form will be used by Commission employees to determine: (a) the appropriate agency from which to request relevant files; (b) whether the appeal is timely; (c) whether the Commission has jurisdiction over the issue(s) raised in the appeal, and (d) generally, to assist the Commission in properly processing and deciding appeals. Decisions of the Commission are final administrative decisions, and, as such, are available to the public under the provisions of the Freedom of Information Act. Some information may also be used in depersonalized form as a data base for statistical purposes.

5. **WHETHER DISCLOSURE IS MANDATORY OR VOLUNTARY AND EFFECT ON INDIVIDUAL FOR NOT PROVIDING INFORMATION:** Since your appeal is a voluntary action, you are not required to provide any personal information in connection with it. However, failure to supply the Commission with the requested information could hinder timely processing of your case, or even result in the rejection or dismissal of your appeal.

---

Send your appeal to:

The Equal Employment Opportunity Commission
Office of Federal Operations
P.O. Box 77960
Washington, D.C. 20013

# EXHIBIT 2

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

## Case No. 13-22042-Civ-SCOLA

Nancie Jean Cummings,

     Plaintiff,

vs.

Rebecca M. Blank, former Secretary of the Department of Commerce;
Cameron F. Kerry, Secretary of the Department of Commerce;
Kathryn D. Sullivan, Acting Administrator for the National Oceanic
and Atmospheric Administration; Dr. Clarence E. Porch, individually;
Dr. Nancy Bruce Thompson, individually; Dr. Gerald S. Scott, individually;
Dr. Theophilus Brainerd, individually; Dr. Bonnie Ponwith, individually;
Tyra Dent Smith, individually; Dr. Peter Thompson, individually;
Todd G. Gedamke, individually; and Benita D. Parks, individually,

     Defendants.

_____/

## Order On Default Judgment Procedure

THIS MATTER is before the Court upon the Default(s) entered by the Clerk of the Court against Defendants Todd G. Gedamke, Tyra Dent Smith, Dr. Peter Thompson, Dr. Theophilus Brainerd, Dr. Gerald S. Scott, Dr. Nancy Bruce Thompson, and Dr. Clarence E. Porch (ECF Nos. 29 - 35), on December 3, 2013.  It is ORDERED that Plaintiff must file one of the following two responses by **December 18, 2013.**

1. Where there are multiple Defendants, but no possibility of inconsistent liability between Defendants (which, for example, could arise from allegations of joint and several liability), Plaintiff shall file a *Motion for Default Judgment,* consistent with Federal Rule of Civil Procedure 55(b).  The Plaintiff must state in the *Motion for Default Judgment* that there are no allegations of joint and several liability, and set forth the basis why there is no possibility of inconsistent liability.

The *Motion for Default Judgment* must include affidavits of any sum certain due from the Defendants, and any other supporting documentation necessary to determine Plaintiff's measure of damages.  The *Motion* shall also be accompanied by (1) the necessary affidavit under the Servicemembers Civil Relief Act, 50 U.S.C. app. § 521(b), if applicable; (2) a proposed order granting the *Motion for Default Judgment*; and (3) a proposed final judgment.  Pursuant to the CM/ECF Administrative Procedures, the proposed orders shall be

Gerald S. Scott
11699 SW 50 Court
Cooper City, FL 33330

Theophilus Brainerd
75 Virginia Beach Drive
Miami, FL 33149

Peter Thompson
75 Virginia Beach Drive
Miami, FL 33149

Todd G. Dedamke
5521 SE Nassau Avenue
Stuart, FL 34997

Tyra Dent Smith
1401 Constitution Avenue NW
Room 5026
Washington, DC 20230

U.S. District Court - Southern District of Florida

Nancie Jean Cummings
5030 SW 73rd Terrace
Miami, FL 33143

------------------------

Case: 1:13-cv-22042-RNS  #37
5 pages.
Wed Dec  4 16:23:12 2013

------------------------

IMPORTANT: REDACTION REQUIREMENTS AND PRIVACY POLICY

All filings and attachments must comply with the redaction requirements in Fed. R. Civ. P. 5.2 & Fed. R. Crim. P. 49.1. Unless specifically exempted by the rules or by court order, the personal identifiers noted below must be redacted to show only the following:

Social Security number: last four digits only; taxpayer ID number: last four digits only; financial account numbers: last four digits only; date of birth: year only; minor's name:  initials only; home address: city and state only (for criminal cases only).

It is the sole responsibility of counsel and the parties to ensure the redaction of personal identifiers.  The Clerk's Office will not review any document for redaction purposes. Any personal information not otherwise protected will be made available over the internet via PACER.

* For the complete privacy policy and redaction requirements, see the CM/ECF Administrative Procedures located on the Court's website www.flsd.uscourts.gov.

IMPORTANT: REQUIREMENT TO MAINTAIN CURRENT MAILING ADDRESS AND CONTACT INFORMATION

Pursuant to Administrative Order 2005-38, parties appearing pro se and counsel appearing pro hac vice must file, in each pending case, a notice of change of mailing address or contact information whenever such a change occurs. If court notices sent via the U.S. mail are returned as undeliverable TWICE in a case, notices will no longer be sent to that party until a current mailing address is provided.

See reverse side

# EXHIBIT 3

Standard Form 52
Rev. 4/87
U.S. Office of Personnel Management
FPM Chapter 296

*PP12*

*ML92055*

# REQUEST FOR PERSONNEL ACTION

**PART A  Requesting Office**  *(Also complete Part B, Items 1, 7-22, 32, 33, 36 and 39 )*

| 1. Actions Requested | 2. Request Number |
|---|---|
| Recruit - FTP | FN2400-02-92 |

| 3. For Additional Information Call *(Name and Telephone Number)* | | 4. Proposed Effective Date |
|---|---|---|
| Barbara Zeno, FTS 350-1262 | | |

| 5. Action Requested By *(Typed Name, Title, Signature, and Request Date)* | 6. Action Authorized By *(Typed Name, Title, Signature, and Concurrence Date)* |
|---|---|
| Joseph Powers, Director Miami Lab.   3/13/92 | Bradford Brown, Acting Center Director   3/13/92 |

**PART B — For Preparation of SF 50**  *(Use only codes in FPM Supplement 292-1. Show all dates in month-day-year order )*

| 1. Name (Last, First, Middle) | 2. Social Security Number | 3. Date of Birth | 4. Effective Date |
|---|---|---|---|
| Cummins-Parrack Nancie J. | 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 | 6/25/56 | 6/14/92 |

| First Action | | Second Action | |
|---|---|---|---|
| 5-A. Code | 5-B. Nature of Action | 6-A. Code | 6-B. Nature of Action |
| 702 | Promotion | | |
| 5-C. Code | 5-D. Legal Authority | 6-C. Code | 6-D. Legal Authority |
| N3M | Reg. 335.102 Comp | | |
| 5-E. Code | 5-F. Legal Authority | 6-E. Code | 6-F. Legal Authority |
| | | | |

| 7. FROM: Position Title and Number | 15. TO: Position Title and Number |
|---|---|
| Res Fish Biologist   FC 2081 01 | Research Fishery Biologist   FC 21280 1 |

| 8. Pay Plan | 9. Occ. Code | 10. Grade or Level | 11. Step or Rate | 12. Salary | 13. Pay Basis | 16. Pay Plan | 17. Occ. Code | 18. Grade or Level | 19. Step or Rate | 20. Salary/Award | 21. Pay Basis |
|---|---|---|---|---|---|---|---|---|---|---|---|
| GS | 482 | 11 | 03 | 34,585.00 | PA | GS | 0482 | 12 | 1 | 38,861.00 | PA |

| 14. Name and Location of Position's Organization | 22. Name and Location of Position's Organization |
|---|---|
| Same | DOC,NOAA,NMFS,SEFC  Miami Laboratory  Coastal Resources Division  FN2400 |

**Employee Data**

| 23. Veterans Preference | 24. Tenure | 25. Agency Use | 26. Veterans Preference for RIF |
|---|---|---|---|
| 1 — 1—None  3—10 Pt. Disab.  5—10 Pt. Other  2—5 Pt.  4—10 Pt. Comp.  6—10 Pt./30% Comp. | 0 — 0—None  2—Conditional  1—Permanent  3—Indefinite | | YES ☐   NO ☑ |

| 27. FEGLI | 28. Annuitant Indicator | 29. Pay Rate Determinant |
|---|---|---|
| C | 9 — 1—Reempl. Ann-CS  3—RETM  5—RETM & CS  2—RETO  4—RETO & CS  9—Not Applicable | |

| 30. Retirement Plan | 31. Service Comp. Date (Leave) | 32. Work Schedule | 33. Part-Time Hours |
|---|---|---|---|
| C | | F — 1—Intermittent  J—INT Seasonal  F—Full-time  G—FT Seasonal  H—FT On Call  P—Part-time  Q—PT Seasonal  R—PT On Call | Per Biweekly Pay Period |

**Position Data**

| 34. Position Occupied | 35. FLSA Category | 36. Appropriation Code | 37. Bargaining Unit Status |
|---|---|---|---|
| 1 — 1—Competitive Service  3—SES General  2—Excepted Service  4—SES Career Reserved | E — E—Exempt  N—Nonexempt | FN2400 | 0930 |

| 38. Duty Station Code | 39. Duty Station (City—County—State or Overseas Location) | | |
|---|---|---|---|
| 12-2010-0251 | Miami | Dade | Florida |

| 40. Agency Data | 41. | 42. | 43. | 44. |
|---|---|---|---|---|
| Class Code | FMSO | PADS | | 54-30-30-0002-04 |

| 45. Educational Level | 46. Year Degree Attained | 47. Academic Discipline | 48. Functional Class | 49. Citizenship | 50. Vietnam Era Vet | 51. Supervisory Status |
|---|---|---|---|---|---|---|
| | | | | 1 — 1—USA  8—Other | V—Yes  N—No | |

**PART C — Reviews and Approval**  *(Not to be used by requesting office )*

| 1. Office/Function | Initials/Signature | Date | Office/Function | Initials/Signature | Date |
|---|---|---|---|---|---|
| A. | OK WLaDice | 4-1-992 | D. | | |
| B. | OK WLaDice | 6-10-92 | E. | | |
| C. | MBollinger | 6/17/92 | F. | | |

2. Approval: I certify that the information entered on this form is accurate and that the proposed action is in compliance with statutory and regulatory requirements.

| Signature | Approval Date |
|---|---|
| | 6-11-92 |

CONTINUED ON REVERSE SIDE        52-115        Previous Edition Unusable After 9/30/88  NSN 7540-01-249-3980

SF 52 (Reverse)

**PART D—Remarks by Requesting Office**

(Note to Supervisors: Do you know of additional or conflicting reasons for the employee's resignation/retirement?
If "YES", please state these facts on a separate sheet and attach to SF 52.)    ☐ YES    ☐ NO

Please advertise as a GS-13, may be filled at the GS-12 level.

**PART E—Employee Resignation/Retirement**

**Privacy Act Statement**

You are requested to furnish a specific reason for your resignation or retirement and a forwarding address. Your reason may be considered in any future decision regarding your re-employment in the Federal service and may also be used to determine your eligibility for unemployment compensation benefits. Your forwarding address will be used primarily to mail you copies of any documents you should have or any pay or compensation to which you are entitled.

This information is requested under authority of sections 301, 3301, and 8506 of title 5, U.S. Code. Sections 301 and 3301 authorize OPM and agencies to issue

regulations with regard to employment of individuals in the Federal service and their records, while section 8506 requires agencies to furnish the specific reason for termination of Federal service to the Secretary or Labor or a State agency in connection with administration of unemployment compensation programs.

The furnishing of this information is voluntary; however, failure to provide it may result in your not receiving: (1) your copies of those documents you should have; (2) pay or other compensation due you; and (3) any unemployment compensation benefits to which you may be entitled.

1. Reason for Resignation/Retirement (NOTE: Your reasons are used in determining possible unemployment benefits. Please be specific and avoid generalizations. Your resignation/retirement is effective at the end of the day—midnight—unless you specify otherwise.)

| 2. Effective Date | 3. Your Signature | 4. Date Signed | 5. Forwarding Address (Number, Street, City, State, ZIP Code) |
|---|---|---|---|
| | | | |

**PART F—Remarks for SF 50**

K12    CASC-CNF-92-100  dtd 5/26/92

Position cleared 6-10-92 by B. Brown per Cathy
Steward. oty

KPP GS-13

June 10, 1992   CC23:OKA:mjb

MEMORANDUM FOR:   Nancie J. Cummings-Parrack

FROM:             Olivia K. Alladice
                  Personnel Management Specialist

SUBJECT:          Promotion


This is to advise you that you have been selected from Vacancy
Announcement CASC-CNF 92-100 for the Research Fishery Biologist,
GS-482-12, position, located in the National Marine Fisheries
Service, Southeast Fisheries Science Center, Miami Laboratory,
Miami, Florida.  Your new salary will be $38,861.00 annually.

It is my understanding you accept this offer.  The effective
date of your promotion is June 14, 1992.

If you have any questions regarding your appointment, please
contact me at (816) 426-5016.

Congratulations on your selection.


cc:  Cathy Steward

Standard Form 50-B
Rev. 7/91
U.S. Office of Personnel Management
FPM Supp. 296-33, Subch. 4

# NOTIFICATION OF PERSONNEL ACTION

| 1. Name (Last, First, Middle) | 2. Social Security Number | 3. Date of Birth | 4. Effective Date |
|---|---|---|---|
| CUMMINGS PARRACK , NANCIE J | 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 | 06/25/56 | 06/14/92 |

| FIRST ACTION | | SECOND ACTION | |
|---|---|---|---|
| 5-A. Code | 5-B. Nature of Action | 6-A. Code | 6-B. Nature of Action |
| 702 | PROMOTION | | |
| 5-C. Code | 5-D. Legal Authority | 6-C. Code | 6-D. Legal Authority |
| N3M | REG 335.102 COMP | | |
| 5-E. Code | 5-F. Legal Authority | 6-E. Code | 6-F. Legal Authority |
| | | | |

| 7. FROM: Position Title and Number | 15. TO: Position Title and Number |
|---|---|
| RES FISH BIOLGST | RES FISH BIOLGST |
| 01        FC2081 | 01        FC2128 |

| 8. Pay Plan | 9. Occ. Code | 10. Grade/Level | 11. Step/Rate | 12. Total Salary | 13. Pay Basis | 16. Pay Plan | 17. Occ. Code | 18. Grade/Level | 19. Step/Rate | 20. Total Salary/Award | 21. Pay Basis |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | | 11 | 03 | 34,585.00 | | GS | 0482 | 12 | 01 | 38,861.00 | PA |

| 12A. Basic Pay | 12B. Locality Adj. | 12C. Adj. Basic Pay | 12D. Other Pay | 20A. Basic Pay | 20B. Locality Adj. | 20C. Adj. Basic Pay | 20D. Other Pay |
|---|---|---|---|---|---|---|---|
| 34,585.00 | | 34,585.00 | | 38,861.00 | | 38,861.00 | |

| 14. Name and Location of Position's Organization | 22. Name and Location of Position's Organization |
|---|---|
| | NATIONAL OCEANIC AND ATMOSPHERIC ADMIN |
| | NAT MARINE FISHERIES SERVICE |
| | SOUTHEAST REGION, NMFS |
| | SOUTHEAST FISH SCIENCE CENTER |

## EMPLOYEE DATA

| 23. Veterans Preference | | 24. Tenure | | 25. Agency Use | 26. Veterans Preference for RIF |
|---|---|---|---|---|---|
| 1 | 1 – None   3 – 10-Point/Disability   5 – 10-Point/Other<br>2 – 5-Point   4 – 10-Point/Compensable   6 – 10-Point/Compensable/30% | 1 | 0 – None   2 – Conditional<br>1 – Permanent   3 – Indefinite | | YES ☐   NO ☒ |

| 27. FEGLI | 28. Annuitant Indicator | 29. Pay Rate Determinant |
|---|---|---|
| C   BASIC | | 0 |

| 30. Retirement Plan | 31. Service Comp. Date (Leave) | 32. Work Schedule | 33. Part-Time Hours Per Biweekly Pay Period |
|---|---|---|---|
| C   CS OFFSET | 10/18/81 | F | |

## POSITION DATA

| 34. Position Occupied | | 35. FLSA Category | | 36. Appropriation Code | 37. Bargaining Unit Status |
|---|---|---|---|---|---|
| 1 | 1 – Competitive Service   3 – SES General<br>2 – Excepted Service   4 – SES Career Reserved | E | E – Exempt<br>N – Nonexempt | | 0930 |

| 38. Duty Station Code | 39. Duty Station (City – County – State or Overseas Location) |
|---|---|
| 12-2020-025 | MIAMI BEACH    DADE    FL |

| 40. AGENCY DATA | 41. | 42. | 43. | 44. |
|---|---|---|---|---|
| | | | | |

45. Remarks

ELECTED FROM CASC-CNF-92-100 DATED 05/26/92

| 46. Employing Department or Agency | 50. Signature/Authentication and Title of Approving Official |
|---|---|
| DEPARTMENT OF COMMERCE | |
| 47. Agency Code | 48. Personnel Office ID | 49. Approval Date | PERSONNEL OFFICER   _Truman_ |
| CM 54 | 1423 | 06/11/92 | |

TURN OVER FOR IMPORTANT INFORMATION
3-Part    50-315

1 – Employee Copy – Keep for Future Reference

Editions Prior to 7/91 Are Not Usable After 6/30/93
NSN 7540-01-333-6237

218301

## REASON FOR THIS POSITION

| | 2. IDENTICAL ADDITION TO THE ESTABLISHED PD NUMBER | 3. REPLACES PD NUMBER |
|---|---|---|
| X  1. NEW | | |

# POSITION DESCRIPTION COVER SHEET

## RECOMMENDED

| 4. TITLE | | | | 5. PAY PLAN | 6. SERIES | 7. GRADE |
|---|---|---|---|---|---|---|
| Research Fishery Biologist | | | | GS | 0482 | 13 |

| 8. WORKING TITLE (Optional) | 9. INCUMBENT (Optional) |
|---|---|
| | |

## OFFICIAL

10. TITLE

Research Fishery Biologist

| 11. PP | 12. SERIES | 13. FUNC | 14. GRADE | 15. DATE | | | 16. I/A | | 17. CLASSIFIER |
|---|---|---|---|---|---|---|---|---|---|
| | | | | MONTH | DAY | YEAR | | | |
| GS | 0482 | 11 | 13 | 04 | 16 | 92 | X  Yes    No | | O.K. Alladice |

## 18. ORGANIZATIONAL STRUCTURE (Agency/Bureau)

| 1st | 5th |
|---|---|
| Department of Commerce | Southeast Fisheries Center |
| 2nd | 6th |
| National Oceanic & Atmospheric Administration | Miami Laboratory |
| 3rd | 7th |
| National Marine Fisheries Service | Coastal Resources Division |
| 4th | 8th |
| Southeast Region | |

## SUPERVISOR'S CERTIFICATION

I certify that this is an accurate statement of the major duties and responsibilities of the position and its organizational relationships and that the position is necessary to carry out Government functions for which I am responsible. This certification is made with the knowledge that this information is to be used for statutory purposes relating to appointment and payment of public funds and that false or misleading statements may constitute violations of such statute or their implementing regulations.

| 19. SUPERVISOR'S SIGNATURE | 20. DATE | 22. SECOND LEVEL SUPERVISOR'S SIGNATURE | 23. DATE |
|---|---|---|---|
| | 3/11/92 | | 3/13/92 |
| 21. SUPERVISOR'S NAME AND TITLE | | 24. SECOND LEVEL SUPERVISOR'S NAME AND TITLE | |
| Nancy Thompson | | Joseph Powers | |
| Chief, Coastal Resources Division | | Director, Miami Laboratory | |

## FACTOR EVALUATION SYSTEM

| FACTOR | 25. FLD/BMK | 26. POINTS | FACTOR | 25. FLD/BMK | 26. POINTS |
|---|---|---|---|---|---|
| 1. Knowledge Required | | | 6. Personal Contacts | | |
| 2. Supervisory Controls | | | 7. Purpose of Contacts | | |
| 3. Guidelines | | | 8. Physical Demands | | |
| 4. Complexity | | | 9. Work Environment | | |
| 5. Scope and Effect | | | 27. TOTAL POINTS ▶ | | 27. |
| | | | 28. GRADE ▶ | | 28. |

## CLASSIFICATION CERTIFICATION

I certify that this position has been classified as required by Title 5, US Code, in conformance with standards published by the OPM or, if no published standard applies directly, consistently with the most applicable published standards.

| 29. SIGNATURE | 30. DATE |
|---|---|
| Olivia K. Alladice | 04-16-92 |

| 31. NAME AND TITLE |
|---|
| Olivia K. Alladice, Personnel Management Specialist |

| 32. REMARKS  FLSA  Exempt     CLC 8903 | 33. OPM CERTIFICATION NUMBER |
|---|---|
| | |

FORM AD - 332 (Reverse) (4/8

The purpose of this position is to provide training designed to supplement the basic qualifications possessed by the employee and is based on the assumption that the incumbent has potential for growth to develop sufficiently to be able to satisfactorily perform the duties of the position description identified and attached.

| FC218301 | Research Fishery Biologist | GS-482-13 |
|---|---|---|
| Position No. | Title | Series and Grade |

The incumbent will serve in an understudy capacity receiving on-the-job training, guidance and instruction; gradually assuming the full scope of the higher graded position.  Completed work and work in progress will be reviewed at various stages deemed appropriate by the immediate supervisor for the purpose of guiding the employee to achieve the intent of the on-the-job training program. Upon satisfactory completion of the training period and time in grade requirements (Whitten Amendment), the incumbent will be eligible for promotion in the established higher grade basic position upon recommendation by his supervisor.  If the employee does not satisfactorily complete the training period (s) he may be reassigned or separated depending on the needs of the service and other considerations.

The essential differences between the "in lieu of" gradual introduction to all facets of the job until the incumbent is considered to be capable of full performance of the work under the usual degree and usual kind of supervisory control described in the basic higher grad position description; and (2) the incumbent in the "in lieu of" position is given more detailed instructions and explanations and the completed work is reviewed more closely to insure adequate and accurate application of guidelines.

I.   **INTRODUCTION**

    A.   <u>Location of Position:</u>   Southeast Fisheries Center,
                                  Miami Laboratory,
                                  Coastal Resources Division.

II.   **RESEARCH ASSIGNMENT**

    A.   <u>Research Situation</u>

As a member of the Miami Laboratory, the incumbent conducts research on coastal resources and endangered species of the Southeast to meet Laboratory responsibilities to the Fishery Conservation and Management Act of 1976 and to the Regional Fishery Management Councils.   The definition of ecological relationships between components of the ecosystem is a major need for information that can provide a multi-species ecosystem approach to fishery management.   These needs include the interactions between fishery species sharing the same habitat and the influence on fishery species of varying environmental conditions such as temperature, salinity, and current patterns and is especially concerned with coastal resources and their dynamics in the ecosystems.   The incumbent plans and conducts fisheries research for fishery management needs and designs and carries out the appropriate associated experimental procedures.   The incumbent plans and conducts fisheries research for fishery management and designs and carries out the appropriate associated experimental procedures.   The incumbent use conceptual and computer models, statistical analyses, and operations research analysis; and integrates results form the technical literature to develop environmental perspectives.   These models are used to provide direct information for fishery management and also the guide research activities to promote the further development of ecological information.   A major responsibility of the incumbent is to develop cooperative research projects using new techniques to address research objectives.   Such activities require interaction with other researchers in intra-agency interagency, and international teams.

Research is required to include biological and ecological factors in modeling the dynamic, interactive relationships between fisheries resources and their extraction by the domestic and international commercial and recreational fishing fleets. A multidisciplinary, approach is necessary to utilize information from these actions between various components of the fishery system.   The incumbent uses principles of operations research and population analysis to conduct research studies on fishery systems and describes, as a result of these studies, the factors affecting their dynamics.

The responsibility of the incumbent includes planning and conducting research to develop resources management tools that integrate biological and environmental perspective. This requires the organization and coordination of multidisciplinary research activities. In addition, the incumbent serves as a consultant on specific assessment problems.

The responsibility of the incumbent also includes serving as leader of intra-agency, interagency, and international project teams which are assigned to formulate and conduct research management analyses. Example of team assignments include development of plans for regional, national and international assessments.

In summary, the incumbent initiates, designs, conducts and coordinates analytical research to address basic management policy questions in fisheries. The questions deal with coastal fisheries information needs and resource management and are multidisciplinary in nature.


B.   Problems to be Solved

Some of the fundamental questions of coastal fisheries research in fisheries that must be addressed by the incumbent are (a) what are the causes of annually varying levels of recruitment in stocks impact population dynamics?, and (c) what is the specific quantitative relationship between coastal fisheries stocks and how will a specific man-made change affect the stocks?

The resource management question addressed in research studies by the incumbent include:  (a) what are the criteria for allowable take of coastal stocks?, and (b) what changes in management policy are needed to assure that allowable take is not exceeded? Because these questions relate to new areas of concern in fishery research, the incumbent is required to develop new approach to address them. Some of the work of the incumbent can be considered original in basic concept as well as in design.


C.   Level of Difficulty

The problems addressed by the incumbent involve very complex interactions. Very little data are available. Collections of new data must be carefully planned to maximize results. Analyses must be designed to extract the greatest amount of information from the limited supply of data. The incumbent must look outside of fisheries for additional available data that can be applied to fishery questions. The incumbent must organize and coordinate interagency/oceanic pelagic research.

The de novo nature of the described research requires development of new analytical techniques as well as the adaptation of existing techniques to new applications.

D.   Expertise

The incumbent is required to have the training and experience to address the questions posed in Section B.  Quantitative skills also are essential to meeting the responsibilities of this position, because many question can be answered usefully only in quantitative terms.  Another unique requirement of the position is an ability to understand the technical literature in a number of different fields, where information relevant to the major research questions is contained.

E.   Participation and Responsibilities

The incumbent operates in three modes: (1) as an independent investigator conducting analytical research, (2) as a member of inter-unit, interagency or international research teams involved in multidimensional broad-scale research activities, and (3) as an originator, designer, organizer, and leader of multidimensional research activities.

F.   Research Responsibilities

The incumbent must develop information to address ecological, fishery resource, and resource management questions related to those enumerated in Section B.  The incumbent must obtain and analyze data, prepare reports, publish manuscripts, respond to correspondence, review technical documents, review management plans,  and maintain a broad knowledge of the technical literature in a number of fields.  The position requires the ability to plan and execute scientific research projects, supporting technical skills (computer, mathematical and statistical),  and extensive knowledge of the scientific literature in several disciplines,  and the ability to communicate clearly both orally and in writing.

G.   Authority

The incumbent has considerable latitude for initiating independent research activities, within the goals of the organization.  Priorities are usually set by the incumbent, except where integration with other research activities affects scheduling.  The incumbent has the responsibility for conceptualizing,  initiation,  designing,  and  conducting research activities.  This includes the preparation of budgets for the use of reimbursable funds, when this is necessary.

H. Scope and effect of Research Situation

The incumbent is working at the frontiers of research adding needed new perspectives to fisheries research and management.

III. **SUPERVISION**

A. Received

1. Delegation of Authority:

Work is performed under broad administrative guidelines, generally limited to the approval of funds and policy and the objectives of the Program. The incumbent is required to accomplish work assignments, develop research plans, analyze data and prepare reports using technical expertise and innovative skill.

2. Degree of Scope of Recommendations and Decisions

With the concurrence of the immediate supervisor, the incumbent make recommendations that affect the progress of work assignments.

3. Assignments

Assignments are received as either broad outlines or specific statements of problems. The incumbent develops a work plan and carries out the project to its completion. Any changes in the plan are conveyed to the supervisor for approval and/or information purposes.

4. Innovation

Opportunity exists and is encouraged for innovation in research design and the analysis of data. The complexity of the ecological problems and resources management requires the incumbent to capitalize on every opportunity that may present itself, thus increasing our knowledge and increasing the cost effectiveness of the research effort.

B. Exercised

1. Technical Supervision of Personnel

Incumbent provides technical supervision of employees as assigned and coordinates activities of technical team members working on assignments for which the incumbent is a member or leader.

2.  Technical Supervision of Contracts

The incumbent acts as Contracting Officer's Technical Representative (COTR) on research contracts as assigned.

IV.  **GUIDELINES AND ORIGINALITY**

A.  Needs for Innovation

Methods for integrating ecological information into management decisions are poorly developed in fisheries. It is the responsibility of the incumbent to develop such methods.  The incumbent defines ecological problems as they relate to fishery management questions and designs research to address these problems.  In addition, the incumbent interprets existing ecological information in the framework of fishery management questions.

B.  Judgement

The incumbent exercises considerable flexibility, judgement, and critical evaluation capability in the section, design, and development of projects and in providing advice on ecological issues.

C.  Guidelines

There are no written guidelines for the work conducted by the incumbent, other than the broad requirements of SEFC mandates.

D.  Principles Developed

The incumbent will develop new principles to incorporate ecological perspectives in fishery management research. These principles will be presented in reports for publication in the scientific literature and for presentations as documents to management agencies.

V.  **QUALIFICATIONS**

A.  Knowledge and Expertise

The incumbent must have knowledge in fisheries with expertise in population dynamics, mathematics and statistical ecology, as well as knowledge of aspects of these fields as they apply to fishery resources, and endangered species.  The incumbent must have the ability to formulate and utilize population dynamics analysis models, stock-recruitment models, virtual population analysis models, general linear models, surplus production, and mark and recapture models and have an understanding of statistical sampling and experimental design principles.  Training in mathematics through

calculus is required.  Additional mathematics including statistics and probability theory is desirable.  The incumbent must have ability to utilize high speed digital computer, including mainframe, mini, and micro computers and a familiarity with **FORTRAN** or other usable mnemonic languages.  Incumbent must posses a demonstrated ability to communicate orally and in writing to a broad audience with a wide range of interests and technical competence, as the incumbent will often be the sole representative of an **SEFC** position.

B.   Liaison and Information Presentation

The incumbent has liaison responsibility with various scientific and special interest groups interested in marine resources.  The incumbent will represent the SEFC in these arenas and will be expected to deliver verbal and written reports which are clean, concise, and to the point.  The incumbent will use both tact and objectivity to present the scientific results and management advise succinctly.  The results of the research will be presented by the incumbent to workshops, hearings, scientific meetings, and through technical and peer-reviewed publications.  Additionally, the incumbent will develop progress and budget/planning reports (both written and verbal) for internal NMFS usage.

C.   Additional Qualifications

Additional qualifications required of the incumbent include experience analyzing marine fisheries data to provide relative abundance estimates, estimates of vital rate characteristics, and to determine the status of stocks.

## VI.   FACTORS

A.   Personal Contacts

In the pursuit of various activities related to ecological research for fishery management, the incumbent interacts not only with other units in the Laboratory but also with administrators and other researchers in many **NMFS** offices and laboratories, other government agency laboratories, universities, and state natural resources departments.  The incumbent also interacts with the staff and members of the fishery management councils to advise on ecological matters and wide variety of issues.

B.  <u>Purpose of Contacts</u>

The purpose of contacts with researchers and administrators at other **NMFS** laboratories, other federal agencies, state agencies, international agencies, and universities is to generate and coordinate cooperative projects for ecological research.  Purpose of contacts with staff and members of the fishery management councils is to provide advice.

C.  <u>Physical Demands</u>

No special physical demands are required to perform the work.

VII.  **FAIR LABOR STANDARDS ACT**

Incumbent serves as a senior scientist which requires professional knowledge and skill above the journeyman level.  Thus, position is exempt under **FLSA**.

# EXHIBIT 4

**SENDER:** COMPLETE THIS SECTION

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

USDOC, SECRETARY
Rebecca M Blank,
Cameron Kerry

1401 Constitution Au, NW
Washington D.C.
20230

COMPLETE THIS SECTION ON DELIVERY

A. Signature
X _Exec Sec_     ☐ Agent
                 ☐ Addressee

B. Received by ( Printed Name )     C. Date of Delivery
Exec Sec                            6/29/13

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:         ☐ No

3. Service Type
   ☑ Certified Mail      ☐ Express Mail
   ☐ Registered          ☐ Return Receipt for Merchandise
   ☐ Insured Mail        ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)     ☐ Yes

2. Article Number
   (Transfer from service label)     7012 2920 0002 1121 3230

Form 3811, February 2004     Domestic Return Receipt     102595-02-M-1540



**U.S. Postal Service**™
**CERTIFIED MAIL**™ **RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com®

OFFICIAL USE

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

Postmark Here

SOUTH MIAMI B... MIAMI FL 33...  JUN 27 2013

Sent To _Rebecca Blank + Cameron Kerry USDOC_
Street, Apt. No.; or PO Box No. _1401 Constitution Av. NW_
City, State, ZIP+4 _Washington DC 20230_

PS Form 3800, August 2006     See Reverse for Instructions

7012 2920 0002 1121 3230



**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X _Ed Piery_    ☐ Agent
              ☐ Addressee

B. Received by ( Printed Name )     C. Date of Delivery
                                    12/24/13

1. Article Addressed to:

Clarence E Porch
NoAA, SEFSC
75 Virginia Beach Dr.
Miami   FL

      33149

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:        ☐ No

3. Service Type
   ☑ Certified Mail      ☐ Express Mail
   ☐ Registered          ☐ Return Receipt for Merchandise
   ☐ Insured Mail        ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)      ☐ Yes

2. Article
   (Trar

PS For

102595-02-M-1540

---

**U.S. Postal Service™**
**CERTIFIED MAIL™ RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com®

OFFICIAL USE

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | $0.00 |
| Total Postage & Fees | $    $7.97 |

Postmark Here   JUN 11 2013   SOUTH MIAMI FL MIAMI 33143

7012 2920 0000 1121 3216

Sent To   Clarence E Porch   NoAg   SEFSC
Street, Apt. No.; or PO Box No.   75 Virginia Blvd Dr
City, State, ZIP+4   Miami   FL 33149

PS Form 3800, August 2006.        See Reverse for Instructions

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Nancy B. Thompson
Station Director
Keys Marine Lab.
68486 US Hwy #1
Long Key FL 33001

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____ ☐ Agent ☐ Addressee

B. Received by ( Printed Name )     C. Date of Delivery
6-24-13

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type
☐ Certified Mail ☐ Express Mail
☐ Registered ☐ Return Receipt for Merchandise
☐ Insured Mail ☐ C.O.D.

4. Restricted Delivery? (Extra Fee) ☐ Yes

2. Article Number
(Transfer from service label)

7012 2920 0002 1121 3209

PS Form 3811, February 2004     Domestic Return Receipt     102595-02-M-1540

---

**U.S. Postal Service™**
**CERTIFIED MAIL™ RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com®

OFFICIAL USE

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

Postmark Here

JUN 21 2013

Sent To Nancy B Thompson Keys Mar Lab
Street, Apt. No.; or PO Box No. 68480 US Hwy 1
City, State, ZIP+4 Long Key FL 33001

PS Form 3800, August 2006     See Reverse for Instructions

7012 2920 0002 1121 3209



**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Gerald P. Scott
11699 SW 50th ct.
Cooper City FL
33330

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X  G. Scott    ☑ Agent   ☐ Addressee

B. Received by ( Printed Name)    C. Date of Delivery
6/28/13

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:  ☐ No

3. Service Type
☑ Certified Mail   ☐ Express Mail
☐ Registered   ☐ Return Receipt for Merchandise
☐ Insured Mail   ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
(Transfer from service label)   7012 2920 0002 1121 3193

PS Form 3811, February 2004    Domestic Return Receipt    102595-02-M-1540

**U.S. Postal Service™**
**CERTIFIED MAIL™ RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com®

OFFICIAL USE

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | $0.55   Postmark Here |
| Restricted Delivery Fee (Endorsement Required) | JUN 21 2013 |
| Total Postage & Fees | $  $3.17 |

Sent To  Gerald P. Scott
Street, Apt. No.; or PO Box No.  11699 SW 50th ct
City, State, ZIP+4  Cooper City FL 33330

PS Form 3800, August 2006    See Reverse for Instructions

7012 2920 0002 1121 3193

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X _Eliel Glera_   ☐ Agent
                  ☐ Addressee

B. Received by ( Printed Name )   C. Date of Delivery

11/24/13

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:   ☐ No

1. Article Addressed to:

Theo Brainerd
NMFS SEFSC
75 Virginia Beach Dr.
Miami  FL
33149

3. Service Type
   ☑ Certified Mail   ☐ Express Mail
   ☐ Registered      ☐ Return Receipt for Merchandise
   ☐ Insured Mail    ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
(Transfer from service label)   7012 2920 0002 1121 3186

PS Form 3811, February 2004   Domestic Return Receipt   102595-02-M-1540



**U.S. Postal Service™**
**CERTIFIED MAIL™ RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com®

OFFICIAL USE

Postage   $

Certified Fee

Return Receipt Fee
(Endorsement Required)

Restricted Delivery Fee
(Endorsement Required)

Total Postage & Fees   $

Postmark Here

SOUTH MIAMI BR
MIAMI FL 33143

JUN 21 2013

USPS

Sent To   Theo Brainerd , NOAA SEFSC

Street, Apt. No.; or PO Box No.   75 Virginia Bch Dr

City, State, ZIP+4   Miami  FL  33141

PS Form 3800, August 2006   See Reverse for Instructions

7012 2920 0002 1121 3186

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Peter Thompson
Noaa, Nmfs SEFS
hs Virginia BelDr
Miami FL
33149

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X _Elat Oleven_

B. Received by ( Printed Name )     C. Date

D. Is delivery address different from item 1?
   If YES, enter delivery address below:

3. Service Type
   - ☑ Certified Mail  ☐ Express Mail
   - ☐ Registered     ☐ Return Receipt for
   - ☐ Insured Mail   ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)

2. Article Number
   (Tran

PS Form

---

**U.S. Postal Service™**
**CERTIFIED MAIL™ RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com®

OFFICIAL USE

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

Postmark Here

SOUTH MIAMI BR
MIAMI FL 33143

JUN 2 1 2013

Sent To  Peter Thompson
Street, Apt. No.; or PO Box No. Noaa SEFSl hsUrsinia Bch Dr
City, State, ZIP+4  Miami FL 33149

PS Form 3800, August 2006                See Reverse for Instructions

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X _Elud H_   ☐ Agent   ☐ Addressee

B. Received by ( Printed Name )   C. Date of Delivery   6/24/13

1. Article Addressed to:

Bonnie Ponwith, Direc~
Noaa, Nmfs, SEFS~
75 Virginia Bch Dr
Miami FL
33149

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below:   ☐ No

3. Service Type
☑ Certified Mail   ☐ Express Mail
☐ Registered   ☐ Return Receipt for Merchandise
☐ Insured Mail   ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
(Transfer from service label)   7012 2920 0002 1121 3179

PS Form 3811, February 2004   Domestic Return Receipt   102595-02-M-1540

---

**U.S. Postal Service™**
**CERTIFIED MAIL™ RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com®

OFFICIAL USE

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

Postmark Here

SOUTH MIAMI BR
MIAMI FL 33143
JUN 21 2013

Sent To
Bonnie Ponwith~ Noaa SEFS~
Street, Apt. No.; or PO Box No.   75 Virginia Bch Dr
City, State, ZIP+4   Miami FL 33149

PS Form 3800, August 2006   See Reverse for Instructions

7012 2920 0002 1121 3179

**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Tyra Dean Smith
Dept. Commerce
1401 Constitution Av, NW
Room 5026
Washington D.C.
20230

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X Kathaleen Thompson
☐ Agent
☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery
6/28/13 Kathaleen Thompson

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type
☑ Certified Mail   ☐ Express Mail
☐ Registered   ☐ Return Receipt for Merchandise
☐ Insured Mail   ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
(Transfer from service label)    7012 2920 0002 1121 3155

PS Form 3811, February 2004    Domestic Return Receipt    102595-02-M-1540

---

**U.S. Postal Service™**
**CERTIFIED MAIL™ RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com®

OFFICIAL USE

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

Postmark Here

SOUTH MIAMI BR
MIAMI FL 33143
JUN 21 2013
USPS

7012 2920 0002 1121 3155

Sent To: Tyra Dean Smith, DOC
Street, Apt. No.; or PO Box No. 1401 Constitution Av, NW
City, State, ZIP+4 Washington DC 20230

PS Form 3800, August 2006    See Reverse for Instructions

**SENDER:** *COMPLETE THIS SECTION*

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Todd G. Gedanke
5521 SE Nassau Av.
Stuart    FL
     34997

*COMPLETE THIS SECTION ON DELIVERY*

A. Signature

X _____   ☐ Agent
                    ☐ Addressee

B. Received by ( *Printed Name* )   C. Date of Delivery

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:   ☐ No

STUART FL
JUL

3. Service Type
   ☐ Certified Mail   ☐ Express Mail
   ☐ Registered   ☐ Return Receipt for Merchandise
   ☐ Insured Mail   ☐ C.O.D.

4. Restricted Delivery? *(Extra Fee)*   ☐ Yes

2. Article Number
   *(Transfer from service label)*   7012 2920 0002 1121 3148

Form 3811, February 2004         Domestic Return Receipt         102595-02-M-1540

---

**U.S. Postal Service**™
**CERTIFIED MAIL**™ **RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com®

OFFICIAL USE

| | | |
|---|---|---|
| Postage | $ | $2.32 |
| Certified Fee | | |
| Return Receipt Fee (Endorsement Required) | $2.55 | |
| Restricted Delivery Fee (Endorsement Required) | | |
| Total Postage & Fees | $ | |

SOUTH MIAMI SL
MIAMI FL 33143
JUN 21 2013

Sent To  Todd Gedankes
Street, Apt. No.; or PO Box No.  5521 SE Nassau Av.
City, State, ZIP+4  Stuart  FL  34997

PS Form 3800, August 2006         See Reverse for Instructions

7012 2920 0002 1121 3148

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Benita D. Parks
OAR, NOS
Client Service Off.
Norfolk Fed. Bldg. Room 815
200 Granby St.
Norfolk VA 23510

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X _____  ☐ Agent  ☐ Addressee

B. Received by ( Printed Name)   C. Date of Delivery
D.R. Workman   6.28.13

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:  ☐ No

3. Service Type
   ☑ Certified Mail   ☐ Express Mail
   ☐ Registered   ☐ Return Receipt for Merchandise
   ☐ Insured Mail   ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
   (Transfer from service label)   7012 2920 0002 1121 3131

PS Form 3811, February 2004   Domestic Return Receipt   102595-02-M-1540

---

# U.S. Postal Service™
## CERTIFIED MAIL™ RECEIPT
### (Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com®

OFFICIAL USE

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

SOUTH MIAMI BR
MIAMI FL 33143
JUN 21 2013
USPS

Postmark Here

7012 2920 0002 1121 3131

Sent To  Benita Parks Client OAR, NOS
Street, Apt. No.;
or PO Box No. 200 Granby St.
City, State, ZIP+4  Norfolk VA 23510

PS Form 3800, August 2006   See Reverse for Instructions

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Benita Parks Chief
HRO Atsuri Satelite Office
PSC 477 Box 12
FPO AP 96306
Commercial 046n—63—3422
OSN 264-3422

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X _Benita P_   ☐ Agent   ☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery
16 AUG 13

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:   ☐ No

3. Service Type
☒ Certified Mail   ☐ Express Mail
☐ Registered   ☐ Return Receipt for Merchandise
☐ Insured Mail   ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
(Transfer from service label)   7012 3460 0003 7022 2937

PS Form 3811, February 2004          Domestic Return Receipt          102595-02-M-1540

---

**U.S. Postal Service**™
**CERTIFIED MAIL**™ **RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com®

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

Sent To

Street, Apt. No.; or PO Box No.

City, State, ZIP+4

PS Form 3800, August 2006          See Reverse for Instructions

7012 3460 0003 7022 2937

# EXHIBIT 5

AO 440 (Rev. 12/09) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Southern District of Florida

| | | |
|---|---|---|
| Nancie Jean Cummings | ) | |
| _Plaintiff_ | ) | |
| v. | ) | Civil Action No. **13-22042-CV-Scola/Seltzer** |
| Rebecca M. Blank | ) | |
| _Defendant_ | ) | |

## SUMMONS IN A CIVIL ACTION

To: _(Defendant's name and address)_

Rebecca M. Blank
Secretary Department of Commerce
1401 Constitution Ave., NW
Washington, D.C.   20230

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

Nancie J. Cummings
5030 SW 73rd Terrace
Miami, Florida    33143

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.



Date: __August 12, 2013__

Steven M. Larimore
Clerk of Court

**SUMMONS**

s/Rosy Avael
Deputy Clerk
U.S. District Courts

AO 440 (Rev. 12/09) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Southern District of Florida

| | |
|---|---|
| Nancie Jean Cummings | ) |
| _Plaintiff_ | ) |
| v. | ) Civil Action No. **13-22042-CV-Scola/Seltzer** |
| Cameron F. Kerry | ) |
| _Defendant_ | ) |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*

Cameron F. Kerry
Secretary, Department of Commerce
1401 Constitution Av., NW
Washington, D.C.    20230

A lawsuit has been filed against you.

     Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

Nancie J. Cummings
5030 SW 73rd Terrace
Miami, Florida    33143

    If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Date: __August 12, 2013__



**SUMMONS**

Steven M. Larimore
Clerk of Court

s/Rosy Avael
Deputy Clerk
U.S. District Courts

AO 440 (Rev. 12/09)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Southern District of Florida

Nancie Jean Cummings )
_____ )
Plaintiff )
v. )
Kathryn D. Sullivan )
_____ )
Defendant )

Civil Action No.  **13-22042-CV-Scola/Seltzer**

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*

Kathryn D. Sullivan
Acting NOAA Administrator
1401 Constitution Ave., NW  Room 5128
Washington, D.C.      20230

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

Nancie Jean Cummings
5030 SW 73 RD terrace
Miami  FL      33143

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Date:  __August 12, 2013__



Steven M. Larimore
Clerk of Court

# SUMMONS

s/Rosy Avael
Deputy Clerk
U.S. District Courts

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Southern District of Florida

| | | |
|---|---|---|
| Nancie J. Cummings | ) | |
| | ) | |
| | ) | |
| _____ | ) | |
| *Plaintiff(s)* | ) | |
| v. | ) | Civil Action No.  **13-22042-CV-Scola/Seltzer** |
| Clarence E. Porch | ) | |
| | ) | |
| | ) | |
| _____ | ) | |
| *Defendant(s)* | ) | |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*  Clarence E. Porch
NOAA, NMFS, SEFSC
Sustainable Fisheries Division
75 Virginia Beach Drive
Miami, FL 33149

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

Nancie J. Cummings
5030 SW 73rd Terrace
Miami, Florida 33143

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Date: ___**August 12, 2013**___



**SUMMONS**

s/Rosy Avael
Deputy Clerk
U.S. District Courts

Steven M. Larimore
Clerk of Court

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
Southern District of Florida

| | | |
|---|---|---|
| Nancie J. Cummings | ) | |
| | ) | |
| | ) | |
| | ) | |
| _____ | ) | |
| *Plaintiff(s)* | ) | |
| v. | ) | Civil Action No.  **13-22042-CV-Scola/Seltzer** |
| Nancy B. Thompson | ) | |
| | ) | |
| | ) | |
| _____ | ) | |
| *Defendant(s)* | ) | |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*  Nancy B. Thompson
NOAA, NMFS, Senior Science Advisor Office of Assistant Administratory and
Station Director, Keys Marine Laboratory
68486 Us Hwy-1
Long Key, Florida  33001

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:
Nancie J. Cummings
5030 SW 73rd Terrace
Miami, Florida 33143

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Date:  **August 12, 2013**



**SUMMONS**

s/Rosy Avael
Deputy Clerk
U.S. District Courts

Steven M. Larimore
Clerk of Court

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
Southern District of Florida

| | | |
|---|---|---|
| Nancie J. Cummings | ) | |
| | ) | |
| | ) | |
| ――――――――――――――――― | ) | |
| *Plaintiff(s)* | ) | Civil Action No.   **13-22042-CV-Scola/Seltzer** |
| v. | ) | |
| Gerald S. Scott | ) | |
| | ) | |
| | ) | |
| ――――――――――――――――― | ) | |
| *Defendant(s)* | ) | |

### SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*  Gerald S. Scott
11699 SW 50TH CT
Cooper City, FL  33330

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

Nancie J. Cummings
5030 SW 73rd Terrace
Miami, Florida 33143

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Date:  __August 12, 2013__



# SUMMONS

s/Rosy Avael
Deputy Clerk
U.S. District Courts

Steven M. Larimore
Clerk of Court

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the

Southern District of Florida

| | |
|---|---|
| Nancie J. Cummings<br><br>_____<br>*Plaintiff(s)*<br>v.<br>Bonnie J. Ponwith<br><br>_____<br>*Defendant(s)* | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Civil Action No. **13-22042-CV-Scola/Seltzer**

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*  Bonnie J. Ponwith, Director
NOAA, NMFS, SEFSC
Directorate Office
75 Virginia Beach Drive
Miami, FL 33149

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

Nancie J. Cummings
5030 SW 73rd Terrace
Miami, Florida 33143

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Date:  **August 12, 2013**
_____



**SUMMONS**

Steven M. Larimore
Clerk of Court

s/Rosy Avael
Deputy Clerk
U.S. District Courts

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
### Southern District of Florida

Nancie J. Cummings )
)
)
)
_____ )
*Plaintiff(s)* )
v. ) Civil Action No.  **13-22042-CV-Scola/Seltzer**
)
Theophilus Brainerd )
)
)
_____ )
*Defendant(s)* )

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*  Theophilus Brainerd, Deputy Director
NOAA, NMFS, SEFSC
~~Sustainable Fisheries Division~~ Directorate Office
75 Virginia Beach Drive

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

Nancie J. Cummings
5030 SW 73rd Terrace
Miami, Florida 33143

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Date:  __August 12, 2013__



Steven M. Larimore
Clerk of Court

# SUMMONS

s/Rosy Avael
Deputy Clerk
U.S. District Courts

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
### Southern District of Florida

| | |
|---|---|
| Nancie J. Cummings ) | |
| ) | |
| ) | |
| ) | |
| _____ ) | |
| *Plaintiff(s)* ) | Civil Action No.  **13-22042-CV-Scola/Seltzer** |
| v. ) | |
| Tyra Dent Smith ) | |
| ) | |
| ) | |
| _____ ) | |
| *Defendant(s)* ) | |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*  Tyra Dent Smith, Acting Deputy Chief Human Capital Officer and
Chairman Commerce Alternative Personnel System (CAPs) Board
Office Human Resources Management (OHRM)
U.S. Department of Commerce
1401 Constitution Ave., NW,
Room 5026
Washington, D.C. 20230

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:
Nancie J. Cummings
5030 SW 73rd Terrace
Miami, Florida 33143

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.



SUMMONS

Date:  **August 12, 2013**

Steven M. Larimore
Clerk of Court

s/Rosy Avael
Deputy Clerk
U.S. District Courts

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
### for the

Southern District of Florida

| | | |
|---|---|---|
| Nancie J. Cummings | ) | |
| | ) | |
| | ) | |
| _____ | ) | |
| *Plaintiff(s)* | ) | Civil Action No.   **13-22042-CV-Scola/Seltzer** |
| v. | ) | |
| Peter Thompson | ) | |
| | ) | |
| _____ | ) | |
| *Defendant(s)* | ) | |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*   Peter Thompson, Chief Information Management and Technology
NOAA, NMFS, SEFSC
Directorate Office
75 Virginia Beach Drive
Miami, FL 33149

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

Nancie J. Cummings
5030 SW 73rd Terrace
Miami, Florida 33143

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.



**SUMMONS**

Date: __August 12, 2013__

Steven M. Larimore
Clerk of Court

s/Rosy Avael
Deputy Clerk
U.S. District Courts

Attachment H - Summons in a Civil Action

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

_____ District of _____

)
)
Nancie Jean Cummings )
_____ )
Plaintiff(s) )
)
v. )            Civil Action No.   **13-22042-CV-Scola/Seltzer**
)
)
Benita D. Parks )
_____ )
Defendant(s) )
)

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*
Benita D. Parks
Chief, HRO Atsugi Satellite Office
PSC 477 Box 12
FPO AP 96306
Commercial: 046m-63-3422, DSN: 264-3422
A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

Nancie Jean Cummings
5030 SW 73RD Terrace
Miami FL 33143

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Date: __August 12, 2013__



**SUMMONS**

Steven M. Larimore
Clerk of Court

s/Rosy Avael
Deputy Clerk
U.S. District Courts

AO 440 (Rev. 06/12) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
Southern District of Florida

| | |
|---|---|
| Nancie J. Cummings | ) |
| | ) |
| | ) |
| | ) |
| _Plaintiff(s)_ | ) |
| v. | )   Civil Action No.   **13-22042-CV-Scola/Seltzer** |
| Todd G. Gedamke | ) |
| | ) |
| | ) |
| | ) |
| _Defendant(s)_ | ) |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*   Todd G. Gedamke
                                        5521 SE NASSAU AVE
                                        STUART, FL 34997
                                        804-642-9314

      A lawsuit has been filed against you.

      Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:
                          Nancie J. Cummings
                          5030 SW 73rd Terrace
                          Miami, Florida 33143

      If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Date:   **August 12, 2013**



Steven M. Larimore
Clerk of Court

# SUMMONS

s/Rosy Avael
Deputy Clerk
U.S. District Courts

# EXHIBIT 6

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 13-22042                            -CV-    Scola/Seltzer

Nancie Jean Cummings
(PLANTIFF)

VS.
Rebecca M. Blank (former) and Cameron F. Kerry, Secretary,
Department of Commerce, National Oceanic and
Atmospheric Administration, Kathryn D. Sullivan,
Acting NOAA Administrator
Dr. Clarence E. Porch, as an individual,
Dr. Nancy Bruce Thompson, as an individual,
Dr. Gerald Scott, as an individual,
Dr. Theophilus Brainerd, as an individual,
Dr. Bonnie Ponwith, as an individual,
Tyra Dent Smith, as an individual,
Dr. Peter Thompson, as an individual,
Todd G. Gedamke, as an individual,
Benita. Parks, as in individual,
(DEFENDANTS)


Affirmation of Service

I Nancie Jean Cummings personally delivered a copy of complaint to the Assistant U.S. Attorney,
Southern District Court of Florida, Ms. Carole M. Fernandez on October 21st, 2013 at the U.S. Attorney's
Office, 99 N.E. 4th Street, 3rd Floor,  Miami, Fl. 33132. I also mailed by Certified and Registered U.S. mail
a copy of the complaint summons to US Attorney,  Wifredo Ferrer (Label # 7011115000232812293) at
the above address.  The plaintiff also mailed on November 12th, 2013, by Certified and Registered U.S.
Mail a copy of the complaint to the Office of the Attorney General, U.S. Department of Justice,
Washington DC 20530-0001 (Label # 70122929000211213339).

Respectfully submitted,

*Nancie Jean Cummings*

Nancie Jean Cummings          11/18/2013
5030 SW 73rd Terrace
Miami, FL 33143
305-361-4234


Certificate of Service

I HERBY CERTIFY that on November 18, 2013, I filed in person the foregoing document with the Clerk of
Court in person.  A copy has been mailed to US Attorney,  Wifredo Ferrer, 99 N.E. 4th Street, 3rd Floor,
Miami FL 33132.

*EEO Case*
*16-74*

```
KEY BISCAYNE BRANCH
KEY BISCAYNE, Florida
331499998
1158540137 -0098
11/12/2013   (800)275-8777   04:00:14 PM

                Sales Receipt
Product          Sale  Unit        Final
Description       Qty  Price       Price

WASHINGTON DC 20530 Zone-5          $2.72
First-Class Mail Large Env
9.50 oz.
Scheduled Delivery Day: Fri 11/15/13
Return Rcpt (Green Card)            $2.55
@@ Certified                        $3.10
Label #:
          70122920000211213339
```
U.S.A. Mong

```
Issue PVI:                          $8.37

MIAMI FL 33143 Zone-1               $2.72
First-Class Mail Large Env
9.60 oz.
Scheduled Delivery Day: Wed 11/13/13
Return Rcpt (Green Card)            $2.55
@@ Certified                        $3.10
Label #:
          701111500002328122293

Issue PVI:                          $8.37
```
S. Asler Cm

```
Total:                             $16.74

Paid by:
MasterCard                         $16.74
  Account #:     XXXXXXXXXXXX6386
  Approval #:    00353B
  Transaction #: 507
23 903520278

@@ For tracking or inquiries go to
USPS.com or call 1-800-222-1811.

Order stamps at usps.com/shop or call
1-800-Stamp24. Go to usps.com/clicknship
to print shipping labels with postage. For
other information call 1-800-ASK-USPS.
*********************************************
*********************************************
Get your mail when and where you want it.
```



## <u>AFFIDAVIT OF SERVICE</u>

# UNITED STATES DISTRICT COURT
## SOUTHERN District of FLORIDA

Case Number: 13-22042-CV-SCOLA/SELTZER

Plaintiff:
**NANCIE J. CUMMINGS**
vs.
Defendant:
**REBECCA M. BLANK, ET AL.,**

For: Nancie J. Cummings
      PRO-SE

Received by Priority One Process Service, Inc. on the 29th day of August, 2013 at 12:00 pm to be served on **REBECCA M. BLANK AS SECRETARY DEPARTMENT OF COMMERCE, 1401 CONSTITUTION AVENUE, NW, ROOM 5026, WASHINGTON, DC 20230.** I, _Alprentice_ _Davis_____, being duly sworn, depose and say that on the __11__ day of _September_, 20_13_ at _2_ :_30P_ .m., executed service by delivering a true copy of the **SUMMONS IN A CIVIL ACTION, COMPLAINT UNDER THE CIVIL RIGHTS ACT 42 U.S.C. SECTION 1983, et seq. AND 39 USC CHAPTER 14, EXHIBITS** in accordance with state statutes in the manner marked below:

( ) INDIVIDUAL SERVICE: By delivering a true copy, with the date and hour endorsed there on by me, and informing said person of the contents within.

(x) SUBSTITUTE SERVICE: by delivering a true copy, with the date and hour of service endorsed thereon by me to _Michael Bogomolny____ who is 15 years of age or older, as _General Attorney_____ and informing said person of the contents within

( ) POSTED SERVICE: After attempting service on __/__ at _____ and on __/__ at ___ to a conspicuous place on the property described herein.

( ) NON SERVICE: For the reason detailed in the Comments below.

Military Status: ( ) Yes or ( ) No
Marital Status ( ) Married or ( ) Single - If Married Name of Spouse _____

**COMMENTS:** _____
_____
_____
_____

I certify that I have no interest in the above action, am of legal age and have proper authority in the jurisdiction in which this service was made. "Under Penalties of perjury, I declare that I have read the foregoing document and that the facts stated in it are true."

Subscribed and Sworn to before me on the 13th day of _September_, 2013 by the affiant who is personally known to me.

_Angela H. Croson_
NOTARY PUBLIC

Angela H. Croson
Notary Public, District of Columbia
My Commission Expires 3/31/2014

_____
Alprentice Davis
PROCESS SERVER # _N/A_
Appointed in accordance with State Statutes

**Priority One Process Service, Inc.**
**5893 Sunset Drive**
**South Miami, FL 33143**
**(305) 669-1518**

Our Job Serial Number: 2013021673

## <u>AFFIDAVIT OF SERVICE</u>

### UNITED STATES DISTRICT COURT
### SOUTHERN District of FLORIDA

Case Number: 13-22042-CV-SCOLA/SELTZER

Plaintiff:
**NANCIE J. CUMMINGS**
vs.
Defendant:
**REBECCA M. BLANK, ET AL.,**

For: Nancie J. Cummings
    PRO-SE

Received by Priority One Process Service, Inc. on the 29th day of August, 2013 at 12:00 pm to be served on
**CAMERON F. KERRY AS SECRETARY DEPARTMENT OF COMMERCE, 1401 CONSTITUTION AVENUE, NW,
ROOM 5026, WASHINGTON, DC 20230.** I, _Alprentice  Davis_____ , being duly sworn, depose and say
that on the _11___ day of _September_ , 20_13_ at _2_ :_30P_.m., executed service by delivering a true copy of the
**SUMMONS IN A CIVIL ACTION, COMPLAINT UNDER THE CIVIL RIGHTS ACT 42 U.S.C. SECTION 1983, et
seq. AND 39 USC CHAPTER 14, EXHIBITS** in accordance with state statutes in the manner marked below:

( ) INDIVIDUAL SERVICE: By delivering a true copy, with the date and hour endorsed there on by me, and
informing said person of the contents within.
(X) SUBSTITUTE SERVICE: by delivering a true copy, with the date and hour of service endorsed thereon by me to
_Michael  Bogomolny_____ who is 15 years of age or older, as _General Attorney_____ and informing
said person of the contents within
( ) POSTED SERVICE: After attempting service on __/__ at _____ and on __ /__ at ___ to a conspicuous place on
the property described herein.
( ) NON SERVICE: For the reason detailed in the Comments below.

Military Status: ( ) Yes or ( ) No
Marital Status ( ) Married or ( ) Single - If Married Name of Spouse _____

**COMMENTS:** _____
_____
_____
_____

I certify that I have no interest in the above action, am of legal age and have proper authority in the jurisdiction in
which this service was made. "Under Penalties of perjury, I declare that I have read the foregoing document and
that the facts stated in it are true."

Subscribed and Sworn to before me on the _13th_ day
of _September, 2013_ by the affiant who is
personally known to me.

_____
NOTARY PUBLIC

Angela H. Croson
Notary Public, District of Columbia
My Commission Expires 3/31/2014

_____
Alprentice Davis
PROCESS SERVER # _N/A_____
Appointed in accordance with State Statutes

**Priority One Process Service, Inc.**
**5893 Sunset Drive**
**South Miami, FL  33143**
**(305) 669-1518**

Our Job Serial Number: 2013021674

# AFFIDAVIT OF SERVICE

## UNITED STATES DISTRICT COURT
## SOUTHERN District of FLORIDA

Case Number: 13-22042-CV-SCOLA/SELTZER

Plaintiff:
**NANCIE J. CUMMINGS**
vs.
Defendant:
**REBECCA M. BLANK, ET AL.,**

For: Nancie J. Cummings
  PRO-SE

Received by Priority One Process Service, Inc. on the 29th day of August, 2013 at 12:00 pm to be served on **KATHRYN D. SULLIVAN AS ACTING NOAA ADMINISTRATOR, 1401 CONSTITUTION AVENUE, NW, ROOM 5026, WASHINGTON, DC 20230.** I, _Alprentice Davis_ , being duly sworn, depose and say that on the _11_ day of _September_, 20_13_ at _2_ :_30P_ .m., executed service by delivering a true copy of the **SUMMONS IN A CIVIL ACTION, COMPLAINT UNDER THE CIVIL RIGHTS ACT 42 U.S.C. SECTION 1983, et seq. AND 39 USC CHAPTER 14, EXHIBITS** in accordance with state statutes in the manner marked below:

( ) INDIVIDUAL SERVICE: By delivering a true copy, with the date and hour endorsed there on by me, and informing said person of the contents within.
( x ) SUBSTITUTE SERVICE: by delivering a true copy, with the date and hour of service endorsed thereon by me to _Michael Bogomolny_ who is 15 years of age or older, as _General Attorney_ and informing said person of the contents within
( ) POSTED SERVICE: After attempting service on __/__ at _____ and on __/__ at ___ to a conspicuous place on the property described herein.
( ) NON SERVICE: For the reason detailed in the Comments below.

Military Status: ( ) Yes or ( ) No
Marital Status ( ) Married or ( ) Single - If Married Name of Spouse _____

**COMMENTS:** _____
_____
_____
_____
_____

I certify that I have no interest in the above action, am of legal age and have proper authority in the jurisdiction in which this service was made. "Under Penalties of perjury, I declare that I have read the foregoing document and that the facts stated in it are true."

Subscribed and Sworn to before me on the _13th_ day of _September, 2013_ by the affiant who is personally known to me.

_Angela H. Croson_
NOTARY PUBLIC

Angela H. Croson
Notary Public, District of Columbia
My Commission Expires 3/31/2014

_Alprentice Davis_
PROCESS SERVER # _N/A_
Appointed in accordance with State Statutes

**Priority One Process Service, Inc.**
**5893 Sunset Drive**
**South Miami, FL  33143**
**(305) 669-1518**

Our Job Serial Number: 2013021675

Copyright © 1992-2010 Database Services, Inc. - Process Server's Toolbox V6.4a

# AFFIDAVIT OF SERVICE

## UNITED STATES DISTRICT COURT
## SOUTHERN District of FLORIDA

Case Number: 13-22042-CV-SCOLA/SELTZER

Plaintiff:
**NANCIE J. CUMMINGS**
vs.
Defendant:
**REBECCA M. BLANK, ET AL.,**

For:
Nancie J. Cummings
PRO-SE
5030 S.W. 73 Terrace
Miami, FL  33143

Received by Priority One Process Service, Inc. on the 29th day of August, 2013 at 12:00 pm to be served on **CLARENCE E. PORCH C/O NOAA, NMFS, SEFSC, SUSTAINABLE FISHERIES DIVISION, 75 VIRGINIA BEACH DRIVE, MIAMI, FL 33149.**

I, DENISE ABAD, being duly sworn, depose and say that on the **18th day of September, 2013 at 3:45 pm, I:**

**INDIVIDUALLY** served by delivering a true copy of the SUMMONS IN A CIVIL ACTION, COMPLAINT UNDER THE CIVIL RIGHTS ACT 42 U.S.C. SECTION 1983, et seq. AND 39 USC CHAPTER 14, EXHIBITS  with the date and hour of service endorsed thereon by me, to: **CLARENCE E. PORCH C/O NOAA, NMFS, SEFSC, SUSTAINABLE FISHERIES DIVISION** at the address of: **75 VIRGINIA BEACH DRIVE, MIAMI, FL 33149**, and informed said person of the contents therein, in compliance with state statutes.

I certify that I am over the age of 18, have no interest in the above action, and am a Certified Process Server, in good standing, in the Eleventh Judicial Circuit in which the process was served. "Under penalty of perjury, I declare that I have read the foregoing Affidavit of Service and that the facts stated in it are true."

Subscribed and Sworn to before me on the 19th day of September, 2013 by the affiant who is personally known to me.

NOTARY PUBLIC

MICHELLE ARANGO
Notary Public - State of Florida
My Comm. Expires Nov 21, 2014
Commission # EE 44142
Bonded Through National Notary Assn.

**DENISE ABAD**
Process Server C.P.S. # 1522

**Priority One Process Service, Inc.**
**5893 Sunset Drive**
**South Miami, FL  33143**
**(305) 669-1518**

Our Job Serial Number: 2013021665
Ref: CUMMINGS VS NOAA

Copyright © 1992-2010 Database Services, Inc. - Process Server's Toolbox V6.4a

# AFFIDAVIT OF SERVICE

## UNITED STATES DISTRICT COURT
## SOUTHERN District of FLORIDA

Case Number: 13-22042-CV-SCOLA/SELTZER

Plaintiff:
**NANCIE J. CUMMINGS**
vs.
Defendant:
**REBECCA M. BLANK, ET AL.,**

For: Nancie J. Cummings
      PRO-SE

Received by Priority One Process Service, Inc. on the 29th day of August, 2013 at 12:00 pm to be served on
**NANCY B. THOMPSON C/O NOAA, NMFS, SENIOR SCIENCE ADVISOR OFFICE OF ASSISTANT
ADMINISTRATIVE AND STATION DIRECTOR, KEYS MARINE LABORATORY, 68486 US HIGHWAY-1, LONG
KEY, FL 33001.** I, _Steve____ Frahlch_ , being duly sworn, depose and say that on the _25_ day of
_September_, 20_13_ at _3:15_ P.m., executed service by delivering a true copy of the **SUMMONS IN A CIVIL
ACTION, COMPLAINT UNDER THE CIVIL RIGHTS ACT 42 U.S.C. SECTION 1983, et seq. AND 39 USC
CHAPTER 14, EXHIBITS** in accordance with state statutes in the manner marked below:

(X) INDIVIDUAL SERVICE: By delivering a true copy, with the date and hour endorsed there on by me, and
informing said person of the contents within.
( ) SUBSTITUTE SERVICE: by delivering a true copy, with the date and hour of service endorsed thereon by me to
_____ who is 15 years of age or older, as _____ and informing
said person of the contents within
( ) POSTED SERVICE: After attempting service on __/__ at _____ and on __/__ at ___ to a conspicuous place on
the property described herein.
( ) NON SERVICE: For the reason detailed in the Comments below.

Military Status: ( ) Yes or (X) No
Marital Status ( ) Married or ( ) Single - If Married Name of Spouse _____

**COMMENTS:** _____
_____
_____
_____

I certify that I have no interest in the above action, am of legal age and have proper authority in the jurisdiction in
which this service was made. "Under Penalties of perjury, I declare that I have read the foregoing document and
that the facts stated in it are true."

Subscribed and Sworn to before me on the _2nd_ day
of _October____, 20_13_ by the affiant who is
personally known to me.

_____
NOTARY PUBLIC

PROCESS SERVER # ___144____
Appointed in accordance with State Statutes

**Priority One Process Service, Inc.**
**5893 Sunset Drive**
**South Miami, FL  33143**
**(305) 669-1518**

Our Job Serial Number: 2013021671

NOTARY PUBLIC
REBECCA SUE PROVOST
MY COMMISSION #FF052890
EXPIRES September 10. 2017
(407) 398-0153   FloridaNotaryService.com

Copyright © 1992-2010 Database Services, Inc. - Process Server's Toolbox V6.4a

# AFFIDAVIT OF SERVICE

## UNITED STATES DISTRICT COURT
## SOUTHERN District of FLORIDA

Case Number: 13-22042-CV-SCOLA/SELTZER

Plaintiff:
**NANCIE J. CUMMINGS**

vs.

Defendant:
**REBECCA M. BLANK, ET AL.,**

For:
Nancie J. Cummings
PRO-SE
5030 Sw 73 Terrace
Miami, FL  33143

Received by Priority One Process Service, Inc. on the 29th day of August, 2013 at 12:00 pm to be served on **GERALD S. SCOTT, 11699 SW 50 COURT, COOPER CITY, FL 33330.**

I, FRANCISCO A. TRUJILLO, being duly sworn, depose and say that on the **3rd day of September, 2013** at **6:40 pm, I:**

**SUBSTITUTE SERVED** by delivering a true copy of the SUMMONS IN A CIVIL ACTION, COMPLAINT UNDER THE CIVIL RIGHTS ACT 42 U.S.C. SECTION 1983, et seq. AND 39 USC CHAPTER 14, EXHIBITS with the date and hour of service endorsed thereon by me, at the within named person's usual place of abode to a person residing therein who is 15 years of age or older to wit LUANN SCOTT as COTENANT, who affirmed the subject does reside at the residence with him/her. The server informed said person of the contents therein in compliance with State statutes.

I certify that I am over the age of 18, have no interest in the above action, am a Sheriff's Appointed Process Server in the Seventeenth Judicial Circuit in good standing in the county in which the process was served. "Under penalty of perjury, I declare that I have read the foregoing Affidavit of Service and that the facts stated in it are true."

Subscribed and Sworn to before me on the 9th day of September, 2013 by the affiant who is personally known to me.

_____
NOTARY PUBLIC

DENISE ABAD
Notary Public - State of Florida
My Comm. Expires Mar 14, 2014
Commission # DD 970633

**FRANCISCO A. TRUJILLO**
S.P.S. # 568

**Priority One Process Service, Inc.**
**5893 Sunset Drive**
**South Miami, FL  33143**
**(305) 669-1518**

Our Job Serial Number: 2013021669
Ref: CUMMINGS VS NOAA

Copyright © 1992-2010 Database Services, Inc. - Process Server's Toolbox V6.4a

# AFFIDAVIT OF SERVICE

## UNITED STATES DISTRICT COURT
### SOUTHERN District of FLORIDA

Case Number: 13-22042-CV-SCOLA/SELTZER

Plaintiff:
**NANCIE J. CUMMINGS**

vs.

Defendant:
**REBECCA M. BLANK, ET AL.,**

For:
Nancie J. Cummings
PRO-SE
5030 Sw 73 Terrace
Miami, FL  33143

Received by Priority One Process Service, Inc. on the 29th day of August, 2013 at 12:00 pm to be served on
**THEOPHILUS BRAINERD C/O NOAA, NMFS, SEFSC, DEPUTY DIRECTOR, DIRECTORATE OFFICE, 75
VIRGINIA BEACH DRIVE, MIAMI, FL 33149.**

I, DENISE ABAD, being duly sworn, depose and say that on the **10th day of September, 2013** at **1:50 pm, I:**

**INDIVIDUALLY** served by delivering a true copy of the SUMMONS IN A CIVIL ACTION, COMPLAINT UNDER
THE CIVIL RIGHTS ACT 42 U.S.C. SECTION 1983, et seq. AND 39 USC CHAPTER 14, EXHIBITS  with the date
and hour of service endorsed thereon by me, to: **THEOPHILUS BRAINERD C/O NOAA, NMFS, SEFSC,
DEPUTY DIRECTOR, DIRECTORATE OFFICE** at the address of: **75 VIRGINIA BEACH DRIVE, MIAMI, FL
33149**, and informed said person of the contents therein, in compliance with state statutes.

I certify that I am over the age of 18, have no interest in the above action, and am a Certified Process Server,
in good standing, in the Eleventh Judicial Circuit in which the process was served. "Under penalty of perjury, I
declare that I have read the foregoing Affidavit of Service and that the facts stated in it are true."

Subscribed and Sworn to before me on the 11th day
of September, 2013 by the affiant who is personally
known to me.

NOTARY PUBLIC

MICHELLE ARANGO
Notary Public - State of Florida
My Comm. Expires Nov 21, 2014
Commission # EE 44142
Bonded Through National Notary Assn.

**DENISE ABAD**
Process Server C.P.S. # 1522

**Priority One Process Service, Inc.
5893 Sunset Drive
South Miami, FL  33143
(305) 669-1518**

Our Job Serial Number: 2013021666
Ref: CUMMINGS VS NOAA

Copyright © 1992-2010 Database Services, Inc. - Process Server's Toolbox V6.4a

**AFFIDAVIT OF SERVICE**

## UNITED STATES DISTRICT COURT
## SOUTHERN District of FLORIDA

Case Number: 13-22042-CV-SCOLA/SELTZER

Plaintiff:
**NANCIE J. CUMMINGS**

vs.

Defendant:
**REBECCA M. BLANK, ET AL.,**

For:
Nancie J. Cummings
PRO-SE
5030 Sw 73 Terrace
Miami, FL  33143

Received by Priority One Process Service, Inc. on the 29th day of August, 2013 at 12:00 pm to be served on **PETER THOMPSON C/O NOAA, NMFS, SEFSC, CHIEF INFORMATION MANAGEMENT AND TECHNOLOGY, DIRECTORATE OFFICE, 75 VIRGINIA BEACH DRIVE, MIAMI, FL 33149.**

I, DENISE ABAD, being duly sworn, depose and say that on the **10th day of September, 2013** at **1:50 pm, I:**

**INDIVIDUALLY** served by delivering a true copy of the SUMMONS IN A CIVIL ACTION, COMPLAINT UNDER THE CIVIL RIGHTS ACT 42 U.S.C. SECTION 1983, et seq. AND 39 USC CHAPTER 14, EXHIBITS  with the date and hour of service endorsed thereon by me, to: **PETER THOMPSON C/O NOAA, NMFS, SEFSC, CHIEF INFORMATION MANAGEMENT AND TECHNOLOGY, DIRECTORATE OFFICE** at the address of: **75 VIRGINIA BEACH DRIVE, MIAMI, FL 33149,** and informed said person of the contents therein, in compliance with state statutes.

I certify that I am over the age of 18, have no interest in the above action, and am a Certified Process Server, in good standing, in the Eleventh Judicial Circuit in which the process was served. "Under penalty of perjury, I declare that I have read the foregoing Affidavit of Service and that the facts stated in it are true."

Subscribed and Sworn to before me on the 11th day of September, 2013 by the affiant who is personally known to me.

NOTARY PUBLIC

MICHELLE ARANGO
Notary Public - State of Florida
My Comm. Expires Nov 21, 2014
Commission # EE 44142
Bonded Through National Notary Assn.

**DENISE ABAD**
Process Server C.P.S. # 1522

**Priority One Process Service, Inc.**
**5893 Sunset Drive**
**South Miami, FL  33143**
**(305) 669-1518**

Our Job Serial Number: 2013021668
Ref: CUMMINGS VS NOAA

Copyright © 1992-2010 Database Services, Inc. - Process Server's Toolbox V6.4a

# AFFIDAVIT OF SERVICE

## UNITED STATES DISTRICT COURT
### SOUTHERN District of FLORIDA

Case Number: 13-22042-CV-SCOLA/SELTZER

Plaintiff:
**NANCIE J. CUMMINGS**

vs.

Defendant:
**REBECCA M. BLANK, ET AL.,**

For:
Nancie J. Cummings
PRO-SE
5030 S.W. 73 Terrace
Miami, FL  33143

Received by Priority One Process Service, Inc. on the 29th day of August, 2013 at 12:00 pm to be served on **BONNIE J. PONWITH C/O NOAA, NMFS, SEFSC, DIRECTOR, DIRECTORATE OFFICE, 2933 VIRGINIA STREET, COCONUT GROVE, FL 33133.**

I, DENISE ABAD, being duly sworn, depose and say that on the **16th day of November, 2013 at 9:30 am, I:**

**INDIVIDUALLY** served by delivering a true copy of the SUMMONS IN A CIVIL ACTION, COMPLAINT UNDER THE CIVIL RIGHTS ACT 42 U.S.C. SECTION 1983, et seq. AND 39 USC CHAPTER 14, EXHIBITS with the date and hour of service endorsed thereon by me, to: **BONNIE J. PONWITH C/O NOAA, NMFS, SEFSC, DIRECTOR, DIRECTORATE OFFICE** at the address of: **2933 VIRGINIA STREET, COCONUT GROVE, FL 33133**, and informed said person of the contents therein, in compliance with state statutes.

**Additional Information pertaining to this Service:**
UNABLE TO MAKE PERSONAL CONTACT WITH THE SUBJECT AT THE FIRST ADDRESS ATTEMPTED 75 VIRGINIA BEACH DRIVE, KEY BISCAYNE, FL 33249. SUBJECT NO LONGER LIVES AT THE SECOND ADDRESS ATTEMPTED 101 OCEAN LANE DRIVE, APT. 302, KEY BISCAYNE, FL 33149. LOCATED AND SERVED AT 2933 VIRGINIA STREET, COCONUT GROVE, FL 33133.

I certify that I am over the age of 18, have no interest in the above action, and am a Certified Process Server, in good standing, in the Eleventh Judicial Circuit in which the process was served. "Under penalty of perjury, I declare that I have read the foregoing Affidavit of Service and that the facts stated in it are true."

Subscribed and Sworn to before me on the 16th day of November, 2013 by the affiant who is personally known to me

_____
NOTARY PUBLIC



A. E. LINARES
Notary Public - State of Florida
My Comm. Expires Jan 6, 2014
Commission # EE 144886
Bonded Through National Notary Assn.

_____
**DENISE ABAD**
Process Server C.P.S. # 1522

**Priority One Process Service, Inc.**
**5893 Sunset Drive**
**South Miami, FL  33143**
**(305) 669-1518**

Our Job Serial Number: 2013021667
Ref: CUMMINGS VS NOAA

Copyright © 1992-2010 Database Services, Inc. - Process Server's Toolbox V6.4a

# **INVOICE**



**Invoice #2013021670**
**11/12/2013**

**Original Date:  10/7/2013**

Nancie J. Cummings
PRO-SE
5030 S.W. 73 Terrace
Miami, FL 33143

**Send Payments To:**
**Priority One Process Service, Inc.**
**5893 Sunset Drive**
**South Miami, FL 33143**
**Phone: (305) 669-1518**
**Fax: (305) 669-1520**
**F.E.I.N.# 20-5686386**

Reference Number: CUMMINGS VS NOAA

**Case Number: SOUTHERN 13-22042-CV-SCOLA/SELTZER**

Plaintiff:
**NANCIE J. CUMMINGS**

Defendant:
**REBECCA M. BLANK, ET AL.,**

Received: 8/29/2013   Served: 10/29/2013 6:09 pm  INDIVIDUAL
To be served on: TODD G. GEDAMKE

## **ITEMIZED LISTING**

| Line Item | Quantity | Price | Amount |
|---|---|---|---|
| Service Fee Statewide | 1.00 | 86.00 | 86.00 |
| TOTAL CHARGED: | | | $86.00 |
| 08/29/2013     Check #4003     Pre-Payment | | | 86.00 |
| **BALANCE DUE:** | | | **$0.00** |

### **Thank you for your business!**

PAYMENT IS DUE UPON RECEIPT OF INVOICE. LATE FEES OF $5.00 PER INVOICE PER MONTH ARE
APPLIED TO ALL INVOICES AFTER 30 DAYS OLD. AS OF 3/1/2012 MONTHLY STATEMENTS WILL INCLUDE
APPLICABLE LATE FEES. WE ACCEPT ALL MAJOR CREDIT CARDS.

Copyright © 1992-2010 Database Services, Inc. - Process Server's Toolbox V6.4a

# AFFIDAVIT OF SERVICE

## UNITED STATES DISTRICT COURT
## SOUTHERN District of FLORIDA

Case Number: 13-22042-CV-SCOLA/SELTZER

Plaintiff:
**NANCIE J. CUMMINGS**
vs.
Defendant:
**REBECCA M. BLANK, ET AL.,**

For: Nancie J. Cummings
PRO-SE

Received by Priority One Process Service, Inc. on the 29th day of August, 2013 at 12:00 pm to be served on **TYRA DENT SMITH AS ACTING DEPUTY CHIEF HUMAN CAPITAL OFFICER AND CHAIRMAN COMMERCE ALTERNATIVE PERSONNEL SYSTEM 9CAPs) BOARD OFFICE HUMAN RESOURCES MANAGEMENT (OHRM), U.S. DEPARTMENT OF COMMERCE, 1401 CONSTITUTION AVENUE, NW, ROOM 5026, WASHINGTON, DC 20230.** I, __Alprentice Davis__, being duly sworn, depose and say that on the __11__ day of __September__, 20_13_ at _2_ :_30P_ .m., executed service by delivering a true copy of the **SUMMONS IN A CIVIL ACTION, COMPLAINT UNDER THE CIVIL RIGHTS ACT 42 U.S.C. SECTION 1983, et seq. AND 39 USC CHAPTER 14, EXHIBITS** in accordance with state statutes in the manner marked below:

( ) INDIVIDUAL SERVICE: By delivering a true copy, with the date and hour endorsed there on by me, and informing said person of the contents within.

(X) SUBSTITUTE SERVICE: by delivering a true copy, with the date and hour of service endorsed thereon by me to __Michael Bogomolny__ who is 15 years of age or older, as __General Attorney__ and informing said person of the contents within

( ) POSTED SERVICE: After attempting service on __/__ at _____ and on __/__ at ___ to a conspicuous place on the property described herein.

( ) NON SERVICE: For the reason detailed in the Comments below.

Military Status: ( ) Yes or ( ) No
Marital Status ( ) Married or ( ) Single - If Married Name of Spouse _____

COMMENTS: _____
_____
_____
_____
_____

I certify that I have no interest in the above action, am of legal age and have proper authority in the jurisdiction in which this service was made. "Under Penalties of perjury, I declare that I have read the foregoing document and that the facts stated in it are true."

Subscribed and Sworn to before me on the 13th day
of __September__, 2013 by the affiant who is
personally known to me.

_Angela H. Croson_
NOTARY PUBLIC

Angela H. Croson
Notary Public, District of Columbia
My Commission Expires 3/31/2014

_Alprentice Davis_
Alprentice Davis
PROCESS SERVER # ____N/A____
Appointed in accordance with State Statutes

Priority One Process Service, Inc.
5893 Sunset Drive
South Miami, FL 33143
(305) 669-1518

Our Job Serial Number: 2013021672

Copyright © 1992-2010 Database Services, Inc. - Process Server's Toolbox V6.4a