UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

FILED by __ D.C.
JUN 06 2014
STEVEN M. LARIMORE
CLERK U. S. DIST. CT.
S. D. of FLA. – MIAMI

CASE NO. 13-22042            -CV-    SCOLA / VALLE

Nancie Jean Cummings            )
(Plaintiff)                     )
                                )
VS.                             )
                                )
Rebecca M. Blank                )
(Former title), et al.          )
(Defendants)

## PLAINTIFF'S REQUEST FOR: CLARIFICATION OF THE ORDER, "DOCKET 83 OMNIBUS ORDER ON PLAINTIFF'S MOTION FOR CONTINUANCE AND DISCOVERY RELATED MOTIONS"  AND 2) A REQUEST FOR A FURTHER CONTINUANCE WITH RESPECT TO OBTAINING COUNSEL AS WELL AS ALL OTHER DISCOVERY RELATED MATTERS

Plaintiff hereby files this notice to the court in response to Docket 83 (CMEF 83 Filed 05/16/2014) to clarify several erroneous statements relating to Docket 83 and to request additional time to retain adequate counsel for the all of the reasons set forth below.

1. Plaintiff assumes the Court is familiar with the background of said Complaint and thus to avoid redundancy in the court record reminds the court that a full description of the Complaint and succinct facts may be found in Docket 1 filed on CMEF 6/6/2013.

2. Plaintiffs case is extremely complicated, involves twelve (12) defendants- some current federal employees (Clarence Porch, Peter Thompson, Theophilus Brained,

Bonnie Ponwith, Tyra Dent Smith, Benita Parks), some government officials (3 heads of federal agency- Rebecca Blank, Cameron Kerry, Kathryn Sullivan), and several former federal employees (3-Gerald Scott, Nancy Thompson (also just recently retired from NOAA), and Todd Gedamke).

3. Plaintiff has been deluged with Motions from multiple Defendants and Plaintiff has supplied a timely response to each filing each opposing brief with the Court.

4. Plaintiff has been consulting with and interviewing legal counsel to aid in adequately preparing the evidence for this Complaint and to prepare for the Court's Order to "Schedule and Conduct Discovery and File a Discovery Plan and to File a Joint interim status report and To Set Mediation."

## FACTS

1. On May 16 2014 (CMEF Docket 83) the Court issued an order stating the following "The Court has reviewed the various Motions and the record in this case. **The parties have not filed opposing briefs to any of the motions listed above and the time to file a response has lapsed.**"

2. Plaintiff offers the following as proof of the various responses that **Plaintiff has filed in opposition to the various Defendants' Motion[s] to Dismiss** that clearly indicates that the Court's Order was erroneous. **For example:**

a. Plaintiff has filed four (4) responses ("Briefs") in opposition to Defendants First Motions for Dismissal filed in response to said Complaint (CMEF Docket 1) by multiple Defendants (Rebecca Blank, Cameron Kerry, Kathryn Sullivan, Clarence Porch, Peter Thompson, Theophilus Brained, Tyra Dent Smith, Benita Parks (Docket 53); Gerald Scott (Docket 44); Todd Gedamke (Docket 46), and Bonnie Ponwith (Docket 61);

b. Plaintiff's responses in opposition to Defendants Scott, Gedamke, and Nancy Thompson (all former federal employees)'s First Motions for Dismissal were filed in

2

    CMEF Dockets 58 (Scott), 63 (Gedamke), and 75 (Ponwith);

c. Plaintiff's response in opposition to Agency Employed Defendant's (Clarence Porch, Peter Thompson, Theophilus Brained, Bonnie Ponwith, Tyra Dent Smith, Benita Parks), government officials (Rebecca Blank, Cameron Kerry, Kathryn Sullivan)'s Motion for Dismissal was filed in CMEF Docket 67;

d. Plaintiff is still currently awaiting the Court's ruling with respect to Plaintiff's responses in opposition to First Motions to Dismiss filed by all Defendants identified in item 1a, 1b and 1c;

e. Plaintiff has also recently filed a motion ("Brief in Opposition") in response to a Second Motion filed by Defendants (Rebecca Blank, Cameron Kerry, Kathryn Sullivan, Clarence Porch, Peter Thompson, Theophilus Brained, Bonnie Ponwith, Tyra Dent Smith, Benita Parks (CMEF Docket 68) in response to Plaintiff's response to said Defendants First Motion (CMEF Dockets 67 and 76);

f. Plaintiff is also still currently awaiting the Court's ruling with respect to Plaintiff's response (CMEF Docket 76, Brief in opposition) to Agency Defendants Second Motion to Dismiss filed by the all Defendants identified in item 1e;

g. In addition, on April 4 Plaintiff filed a MOTION for Extension of Time to File Discovery Plan, to File Joint Interim Status Report, and to Set Mediation schedule (CMEF Docket 69). Plaintiff respectfully noticed the court of impending agency related business was the basis for the request of extension of time to file discovery plan, to file joint interim status report, and to set mediation.

    i. In specific, in Docket 69 (items 4a and 4b of CMEF Docket 69) Plaintiff notified the Court of upcoming critical work assignments and foreign travel tasked to her by her employer. Plaintiff was required to complete an important stock assessment project for Plaintiff's employer that was due to

the Federal Fishery Management Councils and was presented on June 5th, 2014. Plaintiff just completed item 4a (Development of Stock Assessment results information and presented to the Council's Science and Statistical Committee (SSC) meeting for the Greater Amberjack stock assessment as the "lead analyst."

ii. Also, in Docket 69 Plaintiff respectfully notified the Court of upcoming foreign travel for agency related business (June 11-20, dates modified from original Docket);

iii. Also in Docket 69 Plaintiff respectfully notified the Court of upcoming work and foreign travel tasked by her employer to develop and lead a Special Technical Workshop in November 2014.

3. Plaintiff has consulted with several Legal Counsel all of whom have indicated questions regarding clarity as the Court's ruling on the multiple motions pending review and they all have essentially stated that they cannot properly opine on this matter as it completely unclear as to the status of the named Defendants because the Court has not ruled on "any" of the Motion[s] to Dismiss.

4. Furthermore, all Counsel interviewed have indicated that they cannot prepare for upcoming discovery adequately and efficiently since Plaintiff does not know the full scope of this matter (number and identity of Defendants).

5. As a result of the Court's delay in ruling on any of the aforesaid Motions, Plaintiff has been quite simply unable to obtain adequate counsel (or be advised of possible costs because the counsel interviewed (like Plaintiff) has no real clarity on the status of the aforesaid multiple Motions to Dismiss.

6. During the interim, while awaiting some type of ruling/clarification from the Court as to the status of each named Defendant, Plaintiff has been deluged with Motions from

multiple Defendants and Plaintiff has attempted to comply as promptly as possible.

7. This deluge also includes an additional unexpected discovery and production for documents request from the Defendants (the Agency) for interrogatories and document production requests. It should be abundantly clear these requests are clearly premature at this date. Moreover, the Defendants discovery and document production request is redundant as a nearly identical similar request was made by the Defendant Agency and Plaintiff fully complied with said request during the previous lengthy administrative proceeding and the evidence is already available to the Defendants through the Agency (Plaintiffs employer and Defendant in this complaint) record of the investigation. **In fact,** the Defendants legal counsel recently mailed Plaintiff by U.S. certified mail a copy of the complete Record of Investigation of the Agency Investigation (ROI volumes I, II), over 1,000 pages, the very same and identical document Plaintiff has referenced numerous occasions in her initial complaint (CMEF Docket 1, and in her opposing briefs to Defendants First and Second Motions for Dismissal (see Dockets 58, 63, 67, and 75) citing this Agency Document as "Initial Disclosures" as if this document were original material being disclosed by the Defendants.

7. As an additional example of the unduly burdensome requests, Plaintiff's response to said Discovery of nearly identical questions by her employer (NOAA) resulted in over 1,000 pages of documents and written answers and were referenced by Plaintiff in her initial complaint (CMEF Docket 1, and in her opposing briefs to Defendants First and Second Motions for Dismissal (see Dockets 58, 63, 67, and 75). The repeated requests for production of identical documents and interrogatories to Plaintiff are merely burdensome and redundant to the Court.

8. Plaintiff has been advised by various Counsel that it is practically impossible for them to consider prosecuting this case and to adequately and efficiently conduct proper discovery because of the "murky" status of the "named Defendants, all of which have filed a Motion to Dismiss and all of which have been timely responded to by Plaintiff.

9. Moreover, Plaintiff will be on foreign travel required by her Employer (one of the Defendants) from June 11-20 and again Plaintiff through this filing is respectfully notifying the Court of required travel required by her Employer on work related assignments in November.

10. Based on all of the above, it is clearly inequitable for the Court to compel Plaintiff to obtain legal counsel without knowing the scope (number of Defendants) of this matter.

WHEREFORE, Plaintiff for the foregoing reasons, the Plaintiff, Nancie Jean Cummings respectfully requests:

1. The court Grant Plaintiff a continuance to obtain legal counsel until this court rules on all of the Motions and Responses that are pending or such further time that this Court deems appropriate.

2. A continuance on all and any discovery or related matters until the court rules on all of the Motions and Responses that are pending or such further time that this Court deems appropriate.

3. Such other relief that this court deems to be just and equitable.

### A. CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on June _____, 2014, I filed the foregoing document with the Clerk of the Court in person. I also certify that the foregoing document is being served on all the defendants (or their legal representatives) set forth below by U.S. Mail on this _____ day of June.

_/s/ Nancie Jean Cummings_    6/6/2014
Nancie Jean Cummings, Plaintiff, Pro Se    Date
5030 SW 73rd Terrace

**SERVICE LIST**

Wilfredo A. FERRER

UNITED STATES ATTORNEY

Stephanie I.R. Fidler

Assistant United States Attorney

99 NE 4th Street, 3rd Floor

Miami, Florida 33132

Tel: (305) 961-9073

Fax :( 305) 530-7139

Email: Steplaanie.Fidler@usdoj.gov

Fla. Bar. No. 563749


Kelly B. Holbrook, Esq.

BROAD AND CASSEL

100 North Tampa Street, Suite 3500

Tampa, FL 33602

Phone: (813) 225-3020

Fax: (813) 225-3039

kholbrook@broadandcassel.com

Florida Bar No. 527084

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF FLORIDA

CASE NO. 13-22042                    -CV-   SCOLA / SELTZER

Nancie Jean Cummings          )
(Plaintiff)                            )
                                       )
VS.                                    )
                                       )
Rebecca M. Blank               )
(Former title), et al.              )
(Defendants)                       )

## ORDER

THIS CAUSE having come before the Court whereby the Court having reviewed the motion and being otherwise advised in the premises and complexities of this case, it is hereby,

**ORDERED AND ADJUDGED** as follows:

For good cause shown, the Plaintiffs request for:

1. A continuance to obtain legal counsel until this court rules on all of the Motions and Responses that are pending or such further time that this Court deems appropriate AND

2. A continuance on all and any discovery or related matters until the court rules on all of the Motions and Responses that are pending or such further time that this Court deems appropriate.

**Is hereby**
**GRANTED.**

**DONE and ORDERED** in Chambers in Miami, Florida this ___ day of June ___, 2014.

_____
HONORABLE ROBERT N. SCOLA,
UNITED STATES DISTRICT JUDGE


DONE and ORDERED in Chambers in Miami, Florida this _____ day of June 2014.

_____

COPIES TO:

Wilfredo A. FERRER
UNITED STATES ATTORNEY
Stephanie I.R. Fidler
Assistant United States Attorney
99 NE 4th Street, 3rd Floor
Miami, Florida 33132
Tel: (305) 961-9073
Fax :( 305) 530-7139
Email: Steplaanie.Fidler@usdoj.gov
Fla. Bar. No. 563749

Kelly B. Holbrook, Esq.
BROAD AND CASSEL
100 North Tampa Street, Suite 3500
Tampa, FL 33602
Phone: (813) 225-3020
Fax: (813) 225-3039
kholbrook@broadandcassel.com
Florida Bar No. 527084

Nancie Jean Cummings, Pro Se
5030 SW 73rd Terrace
Miami, FL 33143